246 So.2d 498 (1971)
TRAVELERS INDEMNITY COMPANY
v.
Bessie V. CHAPPELL.
Bessie V. CHAPPELL
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 46130.
Supreme Court of Mississippi.
March 15, 1971.
Rehearing Denied April 19, 1971.
*499 John R. Poole, and Harry L. Kelley, Jackson, for Bessie V. Chappell.
Daniel, Coker, Horton, Bell & Dukes, Jackson, and L.F. Sams, Jr., Tupelo, for Travelers Indemnity Co.
Lipscomb, Barksdale, Steen & Caraway, Jackson, for State Farm Mut. Automobile Ins. Co.
RODGERS, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein a decision was rendered resulting in a judgment prorating the damages to be paid by two insurance companies, State Farm Mutual Automobile Insurance Company and Travelers Indemnity Company.
The basis of this action arose with the filing of suit by Bessie V. Chappell against Willie D. Lane (Hankins) in the Circuit Court of the First Judicial District of Hinds County, Mississippi, seeking recovery for injuries sustained in an automobile accident. A default judgment was entered against the defendant in the amount of $20,000. Pursuant thereto, a writ of garnishment was issued suggesting that both Travelers Indemnity Company and State Farm Mutual Automobile Insurance Company were liable for payment of the judgment. Issue was joined on contest of the answers filed by both insurance companies and the case was tried on stipulation.
The facts stipulated show that Willie D. Lane owned a certain four-door Mercury automobile and that she took it to Smith Brothers Auto Service of Jackson, Mississippi, to be repaired. Smith Brothers loaned her a certain 1963 Ford automobile owned by them for her use while the Mercury was being repaired. During the time while she had the Ford, and while operating it for her own business and pleasure, she collided with another automobile driven by Bessie V. Chappell. As a result of this accident Bessie V. Chappell was seriously injured. She filed suit and obtained a judgment against Willie D. Lane (sometimes called Willie Lane Hankins) for the sum of $20,000.
The record also discloses that in due time a garnishment was served upon the State Farm Mutual Automobile Insurance Company and upon Travelers Indemnity Company. It was the contention of the plaintiff, Bessie V. Chappell, that both insurance companies were liable to plaintiff for the judgment for the following reasons. State Farm Mutual Automobile Insurance Company was the insurer on a certain insurance policy upon the Mercury automobile and that this policy also insured Willie D. Lane against liability while she was operating a temporary substitute automobile, as was true on the occasion of the accident. The Smith Brothers Auto Service had an insurance policy with Travelers Indemnity Company covering liability for the use, operation and maintenance of an automobile by persons with the permission of the insured. The State Farm Mutual *500 Insurance Company policy (hereafter called State Farm) issued to Willie D. Lane (hereafter called Mrs. Hankins) had a limit of $10,000 liability for any one person injured in an accident. The policy issued to Smith Brothers by Travelers Indemnity Company (hereafter called Travelers) had a basic limit on its policy in the sum of $100,000 liability for any one person injured in an accident.
Each of the insurance companies answered the garnishment and denied liability to the plaintiff upon the ground that each policy contained an "escape" clause relieving it of liability in the event the insured had "other insurance" covering the liability arising from injury in the accident. Travelers also contended, as an alternative, that in any event, under the "excess" clause of its policy, it afforded no more coverage than the financial responsibility limit of Mississippi of $5,000.
The answers were duly contested by the plaintiff, Bessie V. Chappell. The circuit court entered judgments in favor of the plaintiff against both insurance companies as garnishees. He prorated their liability to accord with the respective limits of liability shown in each policy. A judgment for the sum of $18,000 was entered against Travelers Indemnity Company and a judgment of $2,000 was entered against State Farm. All of the parties involved in the action appealed to this Court, including Bessie V. Chappell, so that the issue as to liability under the terms of each policy is properly before this Court. We must, therefore, examine the policies to determine whether or not there is liability attributable to one or both of the insurance policies.
The applicable clause in the State Farm policy is as follows:
(b) The insurance with respect to
(i) a temporary substitute automobile
(ii) a trailer, or
(iii) a non-owned automobile,
owned by any person or organization engaged in the automobile business, SHALL NOT APPLY TO ANY LIABILITY OR LOSS AGAINST WHICH THE INSURED OR THE OWNER OF SUCH VEHICLE HAS OTHER COLLECTIBLE INSURANCE APPLICABLE THERETO, IN WHOLE OR IN PART.
(c) Subject to the foregoing paragraph (b), the insurance with respect to any other temporary substitute automobile, trailer or non-owned automobile shall be excess over other collectible insurance.
Travelers' insurance policy contained the following clause:
LIMITED COVERAGE FOR CERTAIN INSUREDS ENDORSEMENT, A5207
In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:
1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.
2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.
3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage *501 customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit.
State Farm argues that the Travelers policy was "other collectible insurance applicable thereto in whole or in part" and that the "escape" clause contained in the Travelers policy is repugnant to the "escape" clause in the State Farm policy.
Both the Travelers insurance policy and the State Farm policy provide for proration in the event there is other collectible insurance against a loss covered by the policy.
State Farm's policy provides as follows:
OTHER INSURANCE. Under coverages A, B, D, F and G if the insured has other insurance against liability or loss covered by this policy, the company shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss.
Travelers' policy provides for apportionment as follows:
Other Insurance. The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.
When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
* * * * * *
Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.
It is apparent that if the escape clause available to each of the insurers were literally enforced, both insurers would escape payment and the insured would not have any insurance simply because there are two policies of insurance covering the insured's liability. This thesis extended would mean that, although one pays for liability insurance, he would also have to pay for his own risk liability that occurred as the result of an accident simply because it was discovered that some other company also had insurance covering the same accident. Neither of the insurance companies in the present litigation contends that the insured was not covered for loss, but each contends that the other company should pay because there is an escape clause in its policy "but for other insurance." Since there is no Mississippi case directly in point, we are required to go outside our own jurisdiction in search of light with which to see and interpret the contractual rights of these adverse claims.
When a party is covered by two insurance companies, and both policies have "other insurance" clauses, a difficult question often arises as to what effect to give the respective provisions of each. See 7 Am.Jur.2d Automobile Insurance § 202 (1963). The clauses with which an insured may be confronted are usually of three general types as stated in 518 Ins.L.J. 151 at 152 (1966):
(a) "If the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability *502 stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. * * *"[1]
Type (a) is termed a "pro rata" clause by virtue of the fact that it provides for an apportionment between the two insurance policies.
(b) "The insurance contained in this policy is not applicable to any person with respect to any loss against which he has other valid and collectible insurance. * * *"[2]
Type (b) is termed an "escape" or "no liability" clause for the reason that it disclaims (escapes) liability completely in the event of other insurance.
(c) "If there is other insurance against a loss covered under this policy the insurance provided under this policy shall be excess insurance over any other valid and collectible insurance. * *"[3]
Type (c) is termed an "excess" clause for the reason that it provides that its coverage shall be excess coverage only over any other valid and collectible insurance.
Given these three basic types of "other insurance" clauses we can readily see that six different combinations may come into play: Prorata v. prorata, prorata v. escape, prorata v. excess, escape v. escape, escape v. excess, excess v. excess.
The history of the liability of insurer "but for other insurance" clauses in insurance policies apparently came into existence in comprehensive fire, wind and property damage insurance policies in an effort to prevent the insured from obtaining double insurance on a single loss. Cf. Phoenix Insurance Co. v. Copeland, 90 Ala. 386, 8 So. 48 (1890). The use of "other insurance" clauses in automobile accident policies began to appear in the courts of England in the early 1930's. Weddell, et al v. Road Transport and General Insurance Co., Ltd., [1932] 2 Kings Bench 563 (1931).
The courts of North America have suffered considerable travail in an effort to establish an equitable method of determining limit of the liability of competing insurance companies to the end that the public interest of an insured has been often shunted aside in this battle of verbal specifics. Some of the early cases looked to the dates of the two policies and placed full liability upon the policy which first became effective. Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 219 Or. 110, 341 P.2d 110, 346 P.2d 643 (1959); Air Transport Mfg. Co. v. Employers' Liability Assurance Corp., 91 Cal. App.2d 129, 204 P.2d 647 (1949); Kearns Coal Corp. v. United States Fidelity & Guaranty Co., 118 F.2d 33 (CA-2, 1941); New Amsterdam Casualty Co. v. Hartford Accident and Indemnity Co., 108 F.2d 653 (CA-6, 1940); Michigan Alkali Co. v. Bankers Indemnity Insurance Co., 103 F.2d 345 (CA-2, 1939); 518 Ins.L.J. 151 at 153 (1966). See cases cited in 65 Columbia L.Rev. 319, note 17 at page 321 (1965).
The courts then seemed to move toward a so-called prime tort-feasor theory to establish liability under "other insurance" clauses. This theory tended to place full liability upon the policy of the driver of an automobile rather than the owner's insurance policy. American Auto Ins. Co. v. Penn Mutual Indemnity Co., 161 F.2d 62 (CA-3, 1947); Maryland Casualty Co. v. Bankers' Indemnity Insurance Co., 51 Ohio *503 App. 323, 200 N.E. 849 (1935); 518 Ins.L.J. 151 at 154 (1966).
The prime tort-feasor rule was also abandoned. Maryland Casualty Company v. Employers Mutual Liability Insurance Co., 112 F. Supp. 272 (D.C.Conn. 1953).
The courts then, in an effort to give meaning to every possible conflicting phrase in "other insurance" clauses found in competing insurance policies, made an effort to recognize the "specific over the general." This was an attempt to distinguish between the relative specificity of the competing policies and to impose liability upon the insurer whose policy offers the most specific protection for, or most specific rejection of, the particular loss. Fageol Truck & Coach Co. v. Pacific Indemnity Co., 18 Cal.2d 731, 117 P.2d 661 (1941). See cases cited in 65 Columbia L. Rev. 319, note 18 at page 322 (1965).
Finally, it became apparent to law scholars and the courts that the rules permitting the insurance companies to escape liability when liability should be imposed "but for other insurance" was in fact bypassing the real purpose of insurance, that is to protect the insured against liability. It dawned upon the courts that to give full effect of conflicting escape clauses in competing insurance policies would allow both insurers to avoid liability completely. The courts have refused to enforce the conflicting "other insurance" clauses following the leading case of Weddell v. Road Transport and General Insurance Co., Ltd., supra; Oregon Auto Insurance Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958 (CA-9, 1952). See cases cited in 65 Columbia L.Rev. 319, note 43 at page 326 (1965).
The courts had little trouble with this rule; that is to say, so long as the escape v. escape clauses, excess v. excess clauses and prorata v. prorata clauses were identical, the courts held them to be conflicting and nugatory so as to cancel each other out, and therefore liability under the two policies was prorated between the two insurance policies in the ratio of the limits of liability fixed in each policy which bears to the total limits in all of the policies covering the risk. Insurance Co. of Texas v. Employers Liability Assurance Corp., 163 F. Supp. 143 (D.C.Cal. 1958); Consolidated Shippers, Inc. v. Pacific Employers Ins. Co., 45 Cal. App.2d 288, 114 P.2d 34 (1941); 69 A.L.R.2d 1122 (1960). Cases to the contrary are apparently based upon factual situations. Federal Ins. Co. v. Atlantic National Ins. Co., 25 N.Y.2d 71, 302 N.Y.S.2d 769, 250 N.E.2d 193 (1969); Hartford Steam Boiler Inspection & Ins. Co. v. Cochran Oil Mill and Ginnery Co., 26 Ga. App. 288, 105 S.E. 856 (1921); 518 Ins.L.J. 151 at 152 (1966).
Where the "other insurance" clauses are dissimilar in the two policies involved, the courts have experienced difficulty in giving effect to a particular phrase or clause tacked on to the escape or tacked on to the excess clause. When there was a conflict between an escape clause and an excess clause, the excess clause ordinarily would be given full effect and would not activate the liability in that policy. Likewise, where an excess clause is in conflict with either an escape clause or a prorata clause in the other policy, the excess clause ordinarily would be given full effect. The courts are thus attempting to give full effect to the intent of the two policies to offer two different levels of coverage. Motors Insurance Corp. v. Lamar T. Loe Motor Co., 223 So.2d 539 (Miss. 1969); Continental National American Group v. Burleson, 283 Ala. 671, 220 So.2d 611 (1969); Federal Insurance Co. v. Prestemon, 278 Minn. 218, 153 N.W.2d 429 (1967); London & Lancashire Ins. Co. v. Government Employees Ins. Co., 66 N.J. Super. 269, 168 A.2d 855 (1961); Anno. 76 A.L.R.2d 502 (1961); Continental Casualty Co. v. American Fidelity & Casualty Co., 275 F.2d 381 (CA-7, 1960); Employers' Liability Assurance Corp., Ltd. v. Fireman's Fund Ins. Group, 104 U.S.App.D.C. 350, 262 F.2d 239 (1958); American Surety Co. v. Canal Ins. Co., 258 F.2d 934 (CA-4, 1958); Allstate Ins. Co. v. Urban, 15 Ill. App.2d 386, 146 *504 N.E.2d 387 (1957); Zurich General Accident & Liability Ins. Co. v. Clamor, 124 F.2d 717 (CA-7, 1941); 7 Am.Jur.2d Automobile Insurance § 202 (1963); 518 Ins.L.J. 151 at 153 (1966); Columbia L.Rev., Vol. 65, pages 319-326 (1965).
There are cases which hold that an escape clause similar to the escape clause set out in Travelers' policy makes the existence of such "excess" clause of the other policy an event which sets the "escape" policy's exclusionary clause into operation, thus making the excess policy primarily liable. Davis v. DeFrank, 33 A.D.2d 236, 306 N.Y.S.2d 827 (1970); Hardware Dealers Mutual Fire Ins. Co. v. Farmers Insurance Exchange (Tex.Civ.App. 1969), 437 S.W.2d 390, reversed by Supreme Court 444 S.W.2d 583 (1969); Indiana Lumbermens Mutual Insurance Co. v. Mitchell, 409 F.2d 392 (CA-7, 1969); Allstate Insurance Co. v. Shelby Mutual Ins. Co., 269 N.C. 341, 152 S.E.2d 436 (1967); Continental Casualty Co. v. Weekes, 74 So.2d 367 (Fla. 1954).
On the other hand, there are other cases which hold that policies containing excess clauses are not considered to be "other insurance" and do not make escape clauses inapplicable. Therefore, an escape clause insurer has been held liable for the full amount of the loss up to the limits of its policy and the other insurance policy held to be liable only for excess. See many cases collected in 65 Columbia L.Rev., pages 319-329 (1965).
The view most often accepted is to the effect that when there is a conflict in the policies, escape v. escape, escape v. excess or excess v. excess, "the two policies are indistinguishable in meaning and intent, (and therefore) one cannot rationally choose between them" and must, therefore, be held to be mutually repugnant and must be disregarded. Hardware Dealers Mutual Fire Ins. Co. v. Farmers Ins. Exchange, 444 S.W.2d 583 (Tex. 1969); State Farm Mutual Automobile Insurance Company v. Travelers Insurance Co., 184 So.2d 750 (La. App. 1966); New Amsterdam Casualty Co. v. Certain Underwriters at Lloyds, London, 56 Ill. App.2d 224, 205 N.E.2d 735 (1965); General Ins. Co. v. Saskatchewan Government Ins. Office, 238 Or. 8, 391 P.2d 616 (1964); Lamb-Weston, Inc. v. Oregon Automobile Insurance Co., 219 Or. 110, 341 P.2d 110, modified 219 Or. 129, 346 P.2d 643 (1959); Arditi v. Massachusetts Bonding and Insurance Co., 315 S.W.2d 736 (Mo. 1958); Continental Casualty Co. v. Weekes, 74 So.2d 367, 46 A.L.R.2d 1159 (Fla. 1954); Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958 (CA-9, 1952); 65 Columbia L. Rev., 319 at 324 (1965).
This Court has considered this case en banc inasmuch as this is the first time we have attempted a detailed study of "liability but for other insurance" clauses in automobile policies. The majority of the members of the Court are convinced, and we so hold, that in the case at bar the two escape clauses are repugnant and nugatory, and that the two excess clauses are not applicable, and that, therefore, both policies are liable under the judgment in favor of the appellee, Bessie V. Chappell.
We are not entirely in accord as to the method of apportionment of the amount due by each insurer. Justices Rodgers, Jones and Inzer are of the opinion that since the escape v. escape clauses in the two policies are repugnant and cancel each other out, and since the excess clauses are inapplicable, both insurance companies should share the loss proportionately to the full amount of their liability. A copy of the various clauses shown in the policies in a juxtaposition is hereto attached.
The above named Justices are of the opinion that by a careful reading of these various clauses one must reach the inescapable conclusion that Travelers' escape clause is mutually repugnant with State Farm's escape clause, thereby producing a cancelling effect of these escape clauses; that the excess clause of State Farm's policy is effective only as to temporary substitute automobiles not engaged in the automobile *505 business, and is, therefore, not applicable to the facts in this case in that the automobile involved was owned by "an organization engaged in the automobile business"; that the excess clause of Travelers' policy is effective only when the other valid and collectible insurance is insufficient to pay damages up to the amount of the applicable financial responsibility limit and is, therefore, not applicable to the facts of this case in that the other insurance is sufficient to pay the amount up to the applicable financial responsibility limit; that in Travelers' "endorsement A5207" the third clause, immediately following the excess clause, is effective only when there is "no other valid and collectible insurance," and is, therefore, not applicable in this case in that there is other valid and collectible insurance available.
Having thus eliminated these two policies' escape clauses and excess clauses, and in effect having eliminated Travelers' complete A5207 endorsement, we are drawn to consider the remaining apportionment clauses of each policy. It is worthy to note at this point that Travelers' apportionment clause is not contained in its "limited coverage for certain insureds endorsement A5207," but is contained in the primary policy provisions. Further information of import is that neither policy's apportionment clause makes reference to "applicable financial responsibility limit," but rather refers to "applicable limit of liability" under the respective policies.
State Farm's and Travelers' apportionment clauses, in cases of concurrent coverage, thus provide for coverage to be in proportion to their respective applicable policy limits, regardless of any "applicable financial responsibility limit." State Farm's primary policy provides for coverage up to $10,000 per person and Travelers' primary policy provides for coverage up to $100,000 per person. We think the case of Hardware Dealers Mutual Fire Ins. Co. v. Farmers Insurance Exchange, supra, is the best reasoned case on this point. See also 76 A.L.R.2d 512 (1961); Couch on Insurance 2d § 62:55, page 504 (1966); 7 Am.Jur.2d Automobile Insurance § 200, page 542 (1963); 65 Columbia L.Rev., pages 319-330 (1965).
The majority of this Court, however, is of the opinion that Travelers Indemnity Company, the insurer under the garage policy of Smith Brothers, the owners of the vehicle involved in the accident, had the primary policy after the escape clauses have been eliminated. We have held that a garage policy, under similar facts in a previous case, although that case dealt with excess v. escape clauses, was the primary policy. See International Service Insurance Co. v. Ballard, 216 So.2d 535 (Miss. 1968). This seems to be the general rule.
This rule seems to be present, or noticeably in the background of nearly all cases involving "other insurance" clauses in liability policies, and the rule is: the policy of the owner of the vehicle involved in the accident is ordinarily considered to be the "primary policy." Couch on Insurance 2d § 62:60, pages 508, 509 (1966), has this to say on this subject:
Where the owner of an automobile or truck has a policy with an omnibus clause and the additional insured also has a policy with a nonownership clause which provides that it shall constitute excess coverage over and above any other valid, collectible insurance, the owner's insurance has the primary liability. In such a situation, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy has been exceeded. It follows that the so-called "other insurance" clause in the primary policy excluding or modifying liability if the additional insured has other valid and collectible insurance is inapplicable because the insurance under the excess coverage policy is not to be regarded as other collectible insurance available to the insured until the primary policy has been exhausted. *506 See also Aetna Casualty & Surety Co. v. Buckeye Union Cas. Co., 157 Ohio St. 385, 105 N.E.2d 568 (1952); Travelers Indemnity Co. v. State Automobile Ins. Co., 67 Ohio App. 457, 37 N.E.2d 198 (1941); Anno. 76 A.L.R.2d 503 (1961).
The majority of the Court is of the opinion that Travelers limited its liability by tacking on or adding after the excess clause the following:
If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit.
The Court bases this conclusion upon the ground that State Farm Mutual and Travelers, under the terms of their respective policies, are both liable, but that Travelers, by its endorsement A5207, is limited to coverage up to the applicable financial responsibility limit, or $5,000. Likewise, the Court concludes that State Farm is limited by its policy coverage to $10,000.
We, therefore, hold that Bessie V. Chappell, the appellee, is hereby awarded judgment against Travelers Indemnity Company in the sum of $5,000, and a judgment against State Farm Mutual Automobile Insurance Company in the sum of $10,000. Both companies are to pay one-half of the court costs.
The judgment of the trial court is, therefore, affirmed as to liability and modified as to apportionment.
All Justices concur as to liability of both parties, except Justice ROBERTSON, who is of the opinion that Travelers is not liable. Justices ETHRIDGE, GILLESPIE, BRADY, PATTERSON and SMITH are of the opinion that State Farm is liable for $10,000 and Travelers for $5,000. Justices RODGERS, JONES and INZER are of the opinion that the judgment of the trial court should be affirmed.
Affirmed in part and reversed in part.
ETHRIDGE, C.J., GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.
RODGERS, JONES and INZER, JJ., concur in part and dissent in part.
ROBERTSON, J., concurs in part and dissents in part.

 COMPARISON
 State Farm Mutual Ins. Co. Travelers Indemnity Co.
Is liable for injury for use of Is liable for bodily injury caused
temporary substitute automobile by insured while using automobile
with permission of owner  limit of with permission of named insured 
$10,000 each person, $20,000 each limit of $100,000 each person,
accident. $200,000 each occurrence
 ESCAPE ESCAPE
(a) The insurance with respect to a In consideration of the reduced rate
newly acquired automobile shall not of premium made applicable to the
apply to any liability or loss Garage Liability Insurance, it is
against which the insured has other agreed that garage customers are not
collectible insurance applicable insureds with respect to the
thereto in whole or in part. automobile hazard except in
 accordance with the following
 additional provisions:
(b) The insurance with respect to
 1. If there is other valid and
 collectible insurance, whether
 (i) a temporary substitute primary, excess or contingent,
 automobile, available to the garage customer
*507 and the limits of such insurance are
 (ii) a trailer, or sufficient to pay damages up to the
 amount of the applicable financial
 (iii) a non-owned automobile, responsibility limit, no damages are
 collectible under this policy.
owned by any person or organization
engaged in the automobile business,
shall not apply to any liability or
loss against which the insured or
the owner of such vehicle has other
collectible insurance applicable
thereto, in whole or in part.
 EXCESS EXCESS
(c) Subject to the foregoing If there is other valid and
paragraph (b), the insurance with collectible insurance available to
respect to any other temporary the garage customer, whether
substitute automobile, trailer or primary, excess or contingent, and
non-owned automobile shall be excess the limits of such insurance are
other collectible insurance. insufficient to pay damages up to
 the amount of the applicable
 Under coverage U with respect to financial responsibility limit, then
bodily injury to an insured while this insurance shall apply to the
occupying a motor vehicle not owned excess of damages up to such limit.
by a named insured under this
coverage, the insurance hereunder If there is no other valid and
shall apply only as excess insurance collectible insurance, whether
over any other similar insurance primary, excess or contingent,
available to such occupant, and this available to the garage customer,
insurance shall then apply only in this insurance shall apply but the
the amount by which the applicable amount of damages payable under this
limit of liability of this coverage policy shall not exceed the
exceeds the sum of the applicable applicable financial responsibility
limits of liability of all such limit.
other insurance.
 APPORTIONMENT APPORTIONMENT
Subject to the foregoing paragraph, Other Insurance. The insurance
under coverage U if the insured has afforded by this policy is primary
other similar insurance available to insurance, except when stated to
him against a loss covered by this apply in excess of or contingent
coverage, then the damages shall be upon the absence of other insurance.
deemed not to exceed the higher of When this insurance is primary and
the applicable limits of liability the insured has other insurance
of this insurance and such other which is stated to be applicable to
insurance, and the company shall not the loss on an excess or contingent
be liable under this coverage for a basis, the amount of the company's
greater proportion of the applicable liability under this policy shall
limit of liability of this coverage not be reduced by the existence of
than such limit bears to the sum of such other insurance.
the applicable limits of liability
of this insurance and such other When both this insurance and other
insurance. insurance apply to the loss on the
 same basis, whether primary, excess
 or contingent, the company shall not
 be liable under this policy for a
 greater proportion of the loss than
*508 that stated in the applicable
 contribution provision below:
 (a) Contribution by Equal Shares. If
 all of such other valid and
 collectible insurance provides for
 contribution by equal shares, the
 company shall not be liable for a
 greater proportion of such loss than
 would be payable if each insurer
 contributes an equal share until the
 share of each insurer equals the
 lowest applicable limit of liability
 under any one policy or the full
 amount of the loss is paid, and with
 respect to any amount of loss not so
 paid the remaining insurers then
 continue to contribute equal shares
 of the remaining amount of the loss
 until each such insurer has paid its
 limit in full or the full amount of
 the loss is paid.
 (b) Contribution by Limits. If any of
 such other insurance does not provide
 for contribution by equal shares, the
 company shall not be liable for a
 greater proportion of such loss than
 the applicable limit of liability
 under this policy for such loss bears
 to the total applicable limit of
 liability of all valid and
 collectible insurance against such
 loss.

SMITH, Justice:
This opinion is written to state the basis of the Court's decision insofar as it relates to the interpretation of the policy issued by Travelers Indemnity Company and to the extent of its liability under that policy.
The policy bought by Smith Brothers and issued by Travelers was what is known as a garage liability insurance policy and was tailored to meet the special requirements of that business. It afforded indemnity protection to Smith Brothers within limits of $100,000/300,000.
Smith Brothers followed the not unusual practice of lending an automobile to a customer for his private use while the latter's own personal vehicle was undergoing repair in their shop.
In the absence of valid restrictive covenants or agreements, Smith Brothers' policy would have covered, to the extent of the policy limits, all of their loaned vehicles while in use by customers for their own personal business and pleasure under the "permissive use" clause. Under the circumstances, the "permissive use" of cars by numerous customers, who must be considered as having been "all sorts and conditions of men," obviously was a far different proposition, both in scale and hazard, from the "permissive use" of a vehicle contemplated under the terms of an ordinary policy of automobile liability insurance, where the insured vehicle occasionally may be loaned to a friend or relative. For that reason, or for some other reason satisfactory to themselves, Smith Brothers elected to provide coverage for loaned *509 automobiles in the hands of customers to a limited or restricted extent only.
For that purpose, the following endorsement was attached to and became a part of the Travelers' garage owners policy issued to Smith Brothers.
LIMITED COVERAGE FOR CERTAIN INSUREDS ENDORSEMENT, A5207
In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:
1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.
2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.
3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit. (Emphasis added).
The Mississippi Legislature, by enactment of the Mississippi Motor Vehicle Safety Responsibility Act, has indicated a public policy requiring persons operating motor vehicles on public highways, under the conditions and to the limited extent set out in the statute, to make themselves financially able to respond in damages for injuries resulting from their negligence. The limits prescribed in the Act are $5,000/10,000. Above those limits, the amount of automobile liability insurance carried by an owner of a motor vehicle becomes a matter of personal choice, limited by his ability to obtain the insurance and to pay for it.
Mississippi Code 1942 Annotated section 8285-56 (Supp. 1970) states:
Any policy which grants the coverage required for motor vehicle liability insurance may also grant any lawful coverage in excess of, or in addition to, the coverage specified for a motor vehicle liability policy, and the excess or additional coverage shall not be subject to the provisions of this act. With respect to a policy which grants this excess or additional coverage, the term "motor vehicle liability policy" as used herein shall apply only to that part of the coverage which is required by this act. (Emphasis added).
Consequently, there was nothing illegal or immoral or contrary to public policy in Smith Brothers buying and Travelers issuing, a policy which restricted or limited the coverage provided Smith Brothers' customers to the limits fixed by the Mississippi Motor Vehicle Safety Responsibility Act, while at the same time it provided protection for Smith Brothers within the higher limits of $100,000/300,000, the extent and application of which was otherwise unaffected.
The general rule is that liability insurance provided by the car owner affords primary coverage. The Smith Brothers' car here had been loaned to and was being driven and used by a customer for her own personal and private purposes. This brought the case within the provisions of the "customers endorsement," under which the limits in no event were to exceed *510 $5,000/10,000, which are the limits fixed by the Mississippi Motor Vehicle Safety Responsibility Act. Unquestionably this was the intention of the insurer and the insured in the customers endorsement. There is nothing in this provision of the contract which renders it invalid or makes the intention of the contracting parties unenforceable.
This Court does not rewrite contracts where they are not illegal, immoral or contrary to established public policy. Landry v. Moody Grishman Agency, Inc., 254 Miss. 363, 181 So.2d 134 (1965), Employers Mutual Casualty Co. v. Nosser, 250 Miss. 542, 164 So.2d 426, 168 So.2d 119 (1964).
17 Am.Jur.2d Contracts section 242 (1964) states:
It is a fundamental principle that a court may not make a new contract for the parties or rewrite their contract under the guise of construction. In other words, the interpretation or construction of a contract does not include its modification or the creation of a new or different one. It must be construed and enforced according to the terms employed, and a court has no right to interpret the agreement as meaning something different from what the parties intended as expressed by the language they saw fit to employ. A court is not at liberty to revise, modify, or distort an agreement while professing to construe it, and has no right to make a different contract from that actually entered into by the parties.
Leaving aside (as mutually unenforceable) the conflicting, opposing and repugnant clauses of the two policies, (Travelers and State Farm Mutual) we have concluded that Travelers is primarily liable in this case under its policy endorsement expressly covering Smith Brothers' customers to the extent of $5,000, that amount having been the policy limit insofar as that class of "unnamed insureds" was concerned.
While Justice Robertson adheres to the view expressed in his dissent that no liability rests upon Travelers in this case, he concurs in this opinion to the extent that if Travelers is liable under its policy for any amount, such liability is limited to $5,000.
ETHRIDGE, C.J., GILLESPIE, P.J., and BRADY and PATTERSON, JJ., concur.
ROBERTSON, Justice (concurring in part and dissenting in part):
I concur insofar as State Farm is found liable for the full amount of its coverage. I respectfully dissent insofar as Travelers is found liable for any coverage.
In consideration of the payment of the premium charged, State Farm agreed to insure Mrs. Willie D. Lane Hankins against liability for bodily injury and property damage to other persons. Coverages A and B of Section 1 of its policy provided the insurance contracted and paid for by Mrs. Lane Hankins.
Mrs. Hankins, the insured, while driving an automobile temporarily loaned to her by Smith Brothers Auto Service pending repair of her automobile, negligently caused injury to Bessie V. Chappell. Bessie V. Chappell secured a default judgment for $20,000.00 against Mrs. Willie D. Lane Hankins. When Mrs. Chappell, the judgment creditor, garnished State Farm, it attempted to escape liability by virtue of the following clause:
"All of the foregoing provisions and all coverages are subject to the following:
* * * * * *
(b) The insurance with respect to
(i) a temporary substitute automobile,

(ii) a trailer, or
(iii) a non-owned automobile,
owned by any person or organization engaged in the automobile business, SHALL NOT APPLY TO ANY LIABILITY OR LOSS AGAINST WHICH THE INSURED OR THE OWNER OF SUCH VEHICLE HAS *511 OTHER COLLECTIBLE INSURANCE APPLICABLE THERETO, IN WHOLE OR IN PART." (Emphasis added).
It so happened that at the time the insured under State Farm's policy collided with the car of Mrs. Chappell that Smith Brothers Auto Service had a contract of insurance with Travelers primarily for the protection of Smith Brothers. They did contract with Travelers for limited coverage of their garage customers in this way:
"LIMITED COVERAGE FOR CERTAIN INSUREDS ENDORSEMENT, A5207
"In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:
"1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.

"2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.
"3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit." (Emphasis added).
State Farm contended that it was not liable to Mrs. Hankins, its insured, under its contract of insurance with her, because Smith Brothers' policy with Travelers constituted "other collectible insurance applicable thereto" mentioned in State Farm's escape clause.
The only two parties to Travelers' contract of insurance were Smith Brothers and Travelers. Travelers was willing to contract for any kind of coverage that Smith Brothers was willing to pay for. Finally Smith Brothers agreed to pay the premium for a limited coverage of its garage customers. Inasmuch as the premium was being reduced, Smith Brothers was perfectly satisfied with the terms of the amended policy. It was perfectly legal for Smith Brothers and Travelers to contract in this manner. After all, they could have contracted to leave out garage customers entirely.
The primary insurance on Mrs. Hankins was furnished by State Farm with whom she contracted; the primary insurance on Smith Brothers was furnished by Travelers with whom Smith Brothers contracted. The default judgment of $20,000.00 was against Mrs. Willie D. Lane Hankins alone; Smith Brothers was not sued and no judgment was taken against them.
The majority opinion first denominates the limited coverage endorsement of Travelers' policy an escape clause, then it arrays Travelers' escape clause against State Farm's escape clause and finds that each kills the other. Travelers is then moved into the position of primary insurer of Mrs. Hankins and thus primarily responsible to Mrs. Chappell, a remote third person and a complete stranger to Travelers and Smith Brothers contract. This astounding result is reached by temporarily reinstating State Farm's escape clause so that Travelers' policy can be declared "other collectible insurance" under State Farm's escape clause.
As we said in Motors Insurance Corporation v. Lamar T. Loe Motor Co., 223 *512 So.2d 539 (Miss., 1969): "The policies in the case under discussion here covered separate and different interests." State Farm contracted with Mrs. Willie D. Lane Hankins with the primary purpose of insuring her against liability; Travelers contracted with Smith Brothers with the primary purpose of insuring Smith Brothers against liability. The $20,000.00 default judgment was against Mrs. Willie D. Lane Hankins; it was not against Smith Brothers. When State Farm protects its insured, Mrs. Hankins, as it contracted and agreed to do, by paying $10,000.00 to Mrs. Chappell, judgment creditor, then Paragraph 1 of the Limited Coverage Endorsement of Travelers' policy becomes applicable. It clearly and specifically provides:
"1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy." (Emphasis added).
Inasmuch as the applicable financial responsibility limit under Mississippi law is $5,000.00, Travelers is not liable in any respect to Mrs. Chappell, a complete stranger.
NOTES
[1] See Woodrich Construction Co. v. Indemnity Insurance Co., 13 Automobile Cases (2d) 1460, 252 Minn. 86, 89 N.W.2d 412 (1958).
[2] See Zurich General Accident & Liability Insurance Co. v. Clamor, 12 Automobile Cases 1117, 124 F.2d 717 (CA-7, 1941).
[3] See Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., 15 Automobile Cases (2d) 1345, 28 N.J. 554, 147 A.2d 529 (1959).