TRAVELERS INSURANCE COMPANY,
Plaintiff-Appellee, Cross-Appellant,

v.

UNITED STATES FIRE INSURANCE
COMPANY, Defendant-Appellant,
Cross-Appellee.

No. 76–2177.

United States Court of Appeals,
Fifth Circuit.

March 30, 1978.

Cary E. Bufkin, Charles L. Howorth, Jr., Jackson, Miss., for defendant-appellant, cross-appellee.

George E. Morse, Gulfport, Miss., for plaintiff-appellee, cross-appellant.

Before INGRAHAM, GEE and TJOF-LAT, Circuit Judges.

GEE, Circuit Judge:

This is a declaratory judgment action brought by Travelers Insurance Company seeking an interpretation of two insurance policies, one issued by Travelers and the other by United States Fire Insurance Company. At issue is whether either or both of these companies were insurers of Walter Allred when his tractor-trailer rig collided with a Ford Ranchero driven by William Ray Jones. A simplified version of the facts, sufficient for present purposes, follows.

At the time of the accident, Allred was driving the tractor-trailer rig for Concrete Readymix, a Mississippi corporation and the owner of the trailer, which it had insured with Travelers. The tractor, on the other hand, was covered by a policy issued by U. S. Fire to Blossman Gas, another Mississippi corporation. Although Allred was an omnibus insured under both policies, having been given permission to operate the rig by the named insureds, each policy contained a "like insurance" clause, which excluded omnibus insureds in the event that the insured vehicle component was used in conjunction with another vehicle component not covered by like insurance purchased from the same company. When Jones brought his personal injury action, he sued Concrete Readymix and Allred but not Blossman Gas, the tractor owner. Travelers assumed responsibility for representing both defendants and ultimately settled the case. Throughout all proceedings, however, Travelers demanded that U. S. Fire share in the defense and settlement negotiations. U. S. Fire did neither on grounds that its named insured, Blossman Gas, had not been sued and that its policy provided Allred no coverage. After a settlement agreement was reached, Travelers brought this suit, contending that U. S. Fire was an insurer of Allred and must therefore share in the expenses and settlement liability arising out of Jones' suit. Analogizing to the Mississippi Supreme Court's decision in *Travelers Indemnity Co. v. Chappell*, 246 So.2d 498 (Miss. 1971), the district court granted the requested relief, ruling that the "like insurance" clauses were mutually repugnant and

nugatory. We reverse, finding *Chappell* inapplicable.

In the *Chappell* case, which also involved an automobile accident, the negligent driver was a named insured under her own policy and an omnibus insured under another policy taken out by the owner of the car. Each policy contained an "escape" clause excluding coverage when other insurance had been purchased to cover the same risk, and enforcing those clauses would have meant no insurance coverage at all for the defendant. Shunning that result, which the insureds could not have contemplated, the state supreme court found the clauses mutually repugnant and ruled that the two insurers involved should share coverage. Travelers contends that the present case resembles *Chappell* because it involves two insurance clauses that cancel each other, but this is an erroneous comparison. "Like insurance" clauses operate to deny coverage irrespective of other insurance. In the present case, for example, the effect of the "like insurance" clause in U. S. Fire's policy on the tractor would have been the same whether there was any coverage—other than coverage by U. S. Fire—of the trailer or not.

■ Consequently, the real question in this case is whether "like insurance" clauses are valid at all, and Mississippi law is clear that they are. *See Canal Insurance Co. v. State Automobile Insurance Association*, 433 F.2d 373 (5th Cir. 1970) (applying Mississippi law); *Hartford Accident & Indemnity Co. v. Lockard*, 239 Miss. 644, 124 So.2d 849 (1960); *Adams v. Maryland Casualty Co.*, 162 Miss. 237, 139 So. 453 (1932). *See also Smith Trucking, Inc. v. Cotton Belt Insurance Co.*, 556 F.2d 1297, 1303 (5th Cir. 1977) (applying Mississippi law).

In its cross appeal, Travelers again analogizes to *Chappell*, contending that U. S. Fire was the primary insurer of the tractor-trailer rig. In *Chappell*, once the court had nullified the escape clauses, it still had to deal with an "other insurance" clause in the

car owner's policy. This clause stated that, in the event of other insurance, the insurer would pay only the amount by which the other insurance fell short of the financial responsibility limit set by the state. The Mississippi court declared the excess clause invalid, stating that the policy purchased by the owner of the vehicle was the primary policy and must therefore provide coverage regardless of other insurance.

■ The primary insurer doctrine does not apply in our case for at least two reasons. First, under its policy Travelers must provide coverage to its named insured, Concrete Readymix, regardless of other insurance. Second, the primary insurance doctrine applies only when there are two or more insurers. In this case U. S. Fire did not insure any party to the suit; its named insured, Blossman Gas, was not sued, and Allred was effectively excluded from coverage by the "like insurance" clause. To this latter reason Travelers responds that, even though the car owner was not sued in *Chappell*, his insurer was required to share liability. What this argument ignores is that the car owner's policy covered the negligent driver as an omnibus insured and did not exclude her by means of a like insurance clause.

For obvious reasons, we need not decide U. S. Fire's contention that Travelers acted as a volunteer when it assumed the responsibility for Allred's defense and conducted the settlement negotiations.

REVERSED AND REMANDED.