# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00836-SCT

*VIKING INSURANCE COMPANY OF WISCONSIN*

*v.*

*MISSISSIPPI FARM BUREAU CASUALTY*
*INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/09/2020 |
| TRIAL JUDGE: | HON. JOHN R. WHITE |
| TRIAL COURT ATTORNEYS: | GOODLOE TANKERSLEY LEWIS |
| | JAMES E. WELCH, JR. |
| | WILLIAM E. WHITFIELD, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM E. WHITFIELD, III |
| | JAMES E. WELCH, JR. |
| ATTORNEY FOR APPELLEE: | GOODLOE TANKERSLEY LEWIS |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 09/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Viking Insurance Company appeals a grant of summary judgment by the Lee County Circuit Court.  The circuit court adjudged that stacking uninsured-motorist coverages in a Viking policy should be separated for purposes of the *State Farm Mutual Auto Insurance Co. v. Kuehling*, 475 So. 2d 1159, 1163 (Miss. 1985), offset.  Viking covered the insured through a single policy covering both the vehicle involved in the accident and an uninvolved vehicle while Mississippi Farm Bureau Casualty Insurance Company covered the insured

through a single policy covering two uninvolved vehicles. The circuit court applied the offset first to Viking's coverage of the involved vehicle and then allocated the remainder between Viking's and Farm Bureau's coverages of uninvolved vehicles.

¶2. A motion for summary judgment is appropriately granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c). As the parties agree regarding the facts of this case, our only consideration is whether or not Farm Bureau was entitled to judgment as a matter of law. We review questions of law de novo. *Miss. Sand Sols., LLC v. Otis*, 312 So. 3d 349, 353 (Miss. 2020) (quoting *Morley v. Jackson Redev. Auth.*, 874 So. 2d 973, 975 (Miss. 2004)). Having considered the parties' arguments and the laws of our state, we find that the circuit court erred. Viking was the primary insurer, so it was entitled to an offset against its entire stacking policy amount first. It was error to apply a pro rata offset in this case. Accordingly, we reverse and render.

**FACTS**

¶3. On October 28, 2019, Farm Bureau filed a complaint for declaratory relief in the Circuit Court of Lee County.[1] Farm Bureau's complaint arose from a March 27, 2019 automobile accident involving Cameron Conwill. At the time of the accident, Conwill was covered under two automobile-insurance policies, one issued by Farm Bureau to Daniel Westmoreland and Penny Westmoreland, Conwill's biological mother, and one issued by Viking to Eddie Conwill, Conwill's biological father. The Farm Bureau policy provided

---

[1] Initially, Farm Bureau named Cameron Conwill and Viking. However, Farm Bureau subsequently dismissed the claims and complaint against Conwill without prejudice.

2

uninsured motorist (UM) coverage limits of $25,000 per person for a Ford F-150 and a Toyota Corolla for a policy total of $50,000. The Viking policy provided UM coverage limits of $25,000 per person for a Kawasaki motorcycle and a Harley-Davidson motorcycle for a policy total of $50,000. At the time of the accident, Conwill had combined UM coverage of $100,000.

¶4. The accident occurred when Conwill, while operating the Kawasaki motorcycle, collied with a Nissan Altima, injuring himself. The Altima driver was insured with liability coverage limits of $50,000 per person by Allstate Insurance Company. Allstate tendered the policy limits to Conwill. Conwill then demanded UM benefits from Farm Bureau and Viking.

¶5. Farm Bureau tendered $33,333.33 to Conwill and filed this suit, claiming that 2/3 of the liability insurer payment to Conwill ought to be offset against Farm Bureau's UM obligations to Conwill because it provided two of the three uninvolved-vehicle coverages to Conwill. Viking replied and counterclaimed that all of the liability-insurer payment to Conwill ought to be offset against all of Viking's UM obligations first because the vehicle involved in the accident was covered under Viking's policy, making Viking the primary insurer.

¶6. On competing motions for summary judgment, the circuit court ruled in favor of Farm Bureau. The court held that Viking was entitled to "the first $25,000 in liability offset against its $25,000 in UM coverage on the Kawasaki" Conwill was driving at the time of the accident. The remaining $25,000 in liability offset was to be "pro-rated between Farm

3

Bureau and Viking in proportion to each insurers' portion of the remaining $75,000 in UM coverage, with 1/3 of the offset assigned to Viking and deducted from its remaining UM limit of $25,000 and 2/3 of the offset assigned to Farm Bureau and deducted from its UM limit of $50,000." Aggrieved, Viking appealed.

## DISCUSSION

### 1. Uninsured-Motorist Insurance in Mississippi

#### *A.     Underinsured Coverage and Aggregation*

¶7.     Uninsured-motorist (UM) insurance coverage is regulated in this state by Mississippi Code Sections 83-11-101 through -111 (Rev. 2011). Unless an insured rejects a provision in writing, insurers are barred from issuing automobile liability-insurance policies in this State without including UM coverage. Miss. Code Ann. § 83-11-101 (Rev. 2011). This coverage must undertake "to pay the insured all sums which he shall be legally entitled to recover" both as damages for bodily injury or death and for property damage "from the owner or operator of an uninsured motor vehicle[.]" Miss. Code Ann. § 83-11-101(1), (2) (Rev. 2011).

¶8.     Mississippi UM coverage also includes *under*insured motorists. Our code defines an "uninsured motor vehicle," *inter alia*, as "[a]n insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage[.]" Miss. Code Ann. § 83-11-103(c)(iii) (Rev. 2011). *Underinsured*-motorist

4

coverage can be claimed when an injured insured's UM coverage is greater than the injuring party's liability coverage. *Id.*

¶9. UM coverage amounts are affected by aggregation or stacking. If multiple vehicles are covered under the same policy, each of those vehicle coverages can be stacked so that if an insured is injured driving one vehicle on the policy, the coverages of the other vehicles on the policy increase the overall UM coverage. *U.S. Fid. & Guar. Co. v. Ferguson*, 698 So. 2d 77, 79 (Miss. 1997).[2] For purposes of invoking *under*insured coverage then, one compares the injuring party's liability coverage with the aggregate of all of the injured insured's UM coverages. Aggregation is limited though by whether an individual is the named insured (or household resident) or if an individual is merely a permissive user of the involved vehicle. *See Meyers v. Am. States Ins. Co.*, 914 So. 2d 669, 674–76 (Miss. 2005).

¶10. In the *under*insured realm though, offsets also arise. When the injuring party's liability coverage does compensate the injured insured, the UM coverage provider can offset the amount of the liability payment against its UM obligations to the injured insured. *Kuehling*, 475 So. 2d at 1163. This offset is the subject of the dispute in today's case.

¶11. One final wrinkle concludes our exploration of UM coverage. It is possible for an injured insured to be covered under multiple policies, some of which provide coverage for the vehicle involved in the accident, some of which do not. An injured insured may aggregate these policies and recover the total sums due under these policies. *Harthcock v.*

---

[2] But "[a]n insured in an automobile liability policy that covers four (4) or more vehicles may elect to purchase . . . single-limit, nonstacking uninsured motorist insurance coverage covering all vehicles listed in the policy[.]" Miss. Code Ann. § 83-11-102(1) (Rev. 2011).

***State Farm Mut. Auto. Ins. Co.***, 248 So. 2d 456, 461–62 (Miss. 1971). When multiple policies are involved, "the insurer for the owner of the vehicle involved in the accident is the primary insurer." ***U.S. Fid. & Guar. Co. v. John Deere Ins. Co.***, 830 So. 2d 1145, 1148 (Miss. 2002) (citing ***State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.***, 797 So. 2d 981, 983 (Miss. 2001); ***Travelers Indem. Co. v. Chappell***, 246 So. 2d 498, 505 (Miss. 1971)). This primacy establishes which uninsured-motorist policy "is first in the paying line of uninsured motorist benefits[.]" ***Id.*** (citing ***State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.***, 601 F. Supp. 289–90 (S.D. Miss. 2001).

> B.    *Reasoning Undergirding UM Jurisprudence*

¶12.   We note that UM coverage's only purpose is to give injured insureds means of obtaining recompense for damages sustained. ***Harthcock***, 248 So. 2d at 459. This differs from liability insurance, which is meant to indemnify an *injuring* insured, not an *injured* insured. ***Id.*** Because UM functions to give injured insured the means to receive what they would be legally entitled to collect from an injuring party, this Court has said that UM provisions ought to be "construed from the perspective of the injured insured[.]" ***Hodges v. Canal Ins. Co.***, 223 So. 2d 630, 633–34 (Miss. 1969).

¶13.   Thus, the perspective of the injured insured occupies a crucial role in our UM jurisprudence. ***Atlanta Cas. Co. v. Payne***, 603 So. 2d 343, 346 (Miss. 1992) (citing ***State Farm Mut. Auto. Ins. Co. v. Nester***, 459 So. 2d 787, 790 (Miss. 1984), (*abrogated on other grounds* by ***Burns v. Burns***, 518 So. 2d 1205 (Miss. 1988)); ***Harthcock***, 248 So. 2d at 456; ***Hodges***, 223 So. 2d at 633–34. As we have said, "uninsured motorists coverage is designed

for the benefit of insured and not insurers." *Payne*, 603 So. 2d at 346-47 (internal quotation mark omitted) (quoting *Couch on Insurance* § 45:624 (2d ed.)). This policy has guided our decisions throughout the year and directs our determination today.

## II. This Case

¶14. Viking argues that it is the primary uninsured-motorist carrier because its policy insured the owner of the motorcycle involved in the accident. As its policy is the first to bear responsibility for paying for damages sustained by the injured insured, Viking argues its policy in its entirety should be offset first by the injuring party's liability insurance. Farm Bureau counters that the articulation of primacy *policies* and not *coverages* in *John Deere* was erroneous. Farm Bureau argues that the *John Deere* UM primacy rule is premised on liability-coverage jurisprudence, not UM-coverage jurisprudence. It proposes that a primary-coverage framework in UM contexts makes more sense. Neither party disputes that whatever is held to be primary is offset first, with any remaining offset applied to the residual.

¶15. When determining which insurer is the primary insurer, this Court has consistently referred to which *policy* covers the owner of the vehicle involved, not individual coverages. *John Deere Ins. Co.*, 830 So. 2d at 1146 (citing *Universal Underwriters Ins. Co.*, 797 So. 2d at 983; *Chappell*, 246 So. 2d at 505); *Dixie Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 614 So. 2d 918, 922–23 (Miss. 1992). To amend precedent in Mississippi, "[i]t is not enough to merely diagnose error . . . under our stare decisis jurisprudence, that error must also perpetuate wrong." *Reeves v. Gunn*, 307 So. 3d 436, 439 (Miss. 2020) (citing *Payton v. State*, 266 So. 3d 630, 638 (Miss. 2019)). Even conceding that Farm Bureau is correct in

7

assessing the *John Deere* primacy rule as relying on liability-coverage jurisprudence rather than UM-coverage jurisprudence, Farm Bureau fails in its argument that the *John Deere* primacy rule perpetuates wrong.

¶16.     Both parties propose competing arguments that their approach is more sensible or more reliable for insurance companies. However, in the UM context, our concern is not with companies but with the injured insured. *Payne*, 603 So. 2d at 346-47 (quoting *Couch on Insurance* § 45:624). We are not convinced that a change in our precedent is necessary to the further the interests of an injured insured. Or that doing so would be in an injured insured's interests at all. Farm Bureau argues that its method of pro rata distribution based on non-primary coverage ensures that every policy the injured insured holds will pay out in some way. This though is not a compelling reason to change our precedent, nor does it appear to be a compelling concern for the injured insured in this case who has not involved himself in this litigation at all. It also is not an argument that our precedent perpetuates wrong.

¶17.     Concluding that Farm Bureau has failed to demonstrate that the *John Deere* primacy rule perpetuates wrong, we apply our precedent. A primary insurer, adjudged as such by its policy covering the owner of the involved vehicle, is first responsible for payment under its entire policy and so is first to have its responsibility under its entire policy offset. *John Deere Ins. Co.*, 830 So. 2d at 1146 (citing *Universal Underwriters Ins. Co.*, 797 So. 2d at 983; *Chappell*, 246 So. 2d at 505).

**CONCLUSION**

8

¶18.    We reverse the circuit court's grant of summary judgment to Farm Bureau, and we render judgment in favor of Viking.

¶19.    **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**