[Civ. No. 21558.   First Dist., Div. Three.   July 24, 1964.]

WILLIAM J. COSTA et al., Plaintiffs and Appellants, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Defendants and Respondents.

Hawkins & Hawkins and Herbert G. Hawkins for Plaintiffs and Appellants.

James P. Shovlin, Jr., Leighton Hatch, Marquart & Jackson and J. F. Vokoun, Jr., for Defendants and Respondents.

DRAPER, P. J.—This appeal involves the difficult task of construing the uninsured motorist act (Ins. Code, § 11580.2), as it stood (Stats. 1959, ch. 817, p. 2835) before the extensive amendments of 1961 and 1963.

Each of the plaintiffs, Costa and Leckie, lived in the home of his parents. Each father owned an automobile. Each car was registered in the father's name, and each father carried liability insurance with one of defendant companies. Each policy included an uninsured motorist clause which expressly covered relatives resident in the father's household, but limited coverage of injuries caused by unknown (or "hit-run") drivers to situations in which there is "physical contact" of the car with a car occupied by the named insured or such relative. The two sons jointly owned a third car, registered in their names alone, on which neither carried any liability insurance. Both occupied that car when, driven by Costa, it turned over. Both sons assert injuries and allege that the accident was "caused by" another car which left the scene without stopping, and whose owner and operator are unknown. In this action they seek a declaration binding in the arbitration contemplated by the act, that they are covered under the uninsured motorist provisions of their fathers' policies "whether or not there was contact" between their car and that of the alleged unknown driver. Judgment declared that physical contact of the boys' car and the unknown vehicle is required. Plaintiffs appeal.

Respondents do not argue that the 1959 statute limits uninsured motorist coverage to cases in which there is phy-

sical contact with the automobile whose driver or owner is unknown.[1] Rather, they contend that plaintiff sons were not required by the 1959 act to be insured under their fathers' policies at all. Thus the provision of each policy extending coverage to resident relatives, being wholly beyond the statutory requirement, could properly be limited by policy terms.

This contention turns upon confusing language of the 1959 act. Subdivision (a) provided that uninsured motorist coverage must be extended to "the named insured" and any other person using his car with his consent. It also provided that application of the provision could be waived by agreement of "the insured". Subdivision (b) provided that "As used in (a) above . . . 'insured' means the named insured [his spouse] and relatives of either while residents of the same household . . . ," as well as others.

Respondents point out that the word "insured" (without the modifying word "named") is used in subdivision (a) only to describe the person who can waive uninsured motorist coverage. Thus, they argue, the definition in subdivision (b) serves only to list those who must join in such waiver. But this construction leads to absurdity. Subdivision (b) defines "insured" as including "any other person while in or upon or entering into or alighting from an insured motor vehicle." There is no conceivable reason to believe that the Legislature intended to include this broad and indeterminate class among those who must join in a "supplemental agreement" waiving uninsured motorist coverage before the policy is issued (see 35 Ops.Cal.Atty.Gen. 71). The committee report which proposed this bill (Assembly Interim Committee Reports, vol. 20, No. 6 [vol. 3, Appendix to Journal of the Assembly, Reg. Sess. 1959, p. 15]) stated that uninsured motorist coverage should be mandatory, but "subject to rejection by the insured person."

Moreover, respondents' construction would restrict coverage to the limited group named in the first sentence of subdivision (a). It would render meaningless the language of subdivision (b) which seems clearly designed to cover injuries to the named insured and relatives residing in his household "while occupants of a motor vehicle or otherwise." It would reduce to mere redundancy the provision of subdivision (c)(2), which excludes from coverage injuries

---

[1]This limitation was added in 1961 (Stats. 1961, ch. 1189, p. 2921 [subd. (b)(1)]).

sustained in an automobile other than that insured only "if the owner thereof has insurance similar to that provided in this section."

We can conclude only that the draftsman of the act intended to place the word "named" as a modifier of "insured" in the second portion of subdivision (a), relating to waiver, and to omit it in the first portion, which concerns coverage. Our view that the 1959 usage was an unintended transposition is consistent with the language of the section as an entirety, and finds confirmation in the prompt correction of the error by precisely this relocation of the word "named" at the 1961 session (Stats. 1961, ch. 1189, p. 2921).

Thus coverage of the two sons was required by statute, and was not a voluntary or gratuitous act of the insurers. This conclusion disposes of the sole ground urged for sustaining the policy requirement of physical contact with the unidentified automobile, and requires reversal, insofar as the judgment declares that physical contact with the unknown car is required. Of course, there remains for arbitration the question whether plaintiffs are "legally entitled to recover damages" from the alleged unknown operator or owner, and if so the amount thereof.

Judgment reversed, with directions to enter judgment in accord with the views herein expressed.

Salsman, J., and Devine, J., concurred.