**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Joseph SPINOLA, Margaret R. Caruso and Fay Rossi, Appellees.**

No. 23991.

United States Court of Appeals
Fifth Circuit.

March 23, 1967.

John H. Wahl, Jr., Richard J. Thornton, Laurence A. Schroeder, Miami, Fla., Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., of counsel, for appellant.

Norman S. Klein, North Miami Beach, Fla., Linet, Schwartz & Klein, North Miami Beach, Fla., of counsel, for appellees.

Before BROWN, MOORE,* and BELL, Circuit Judges.

PER CURIAM:

This appeal from a final declaratory decree in favor of the appellees involves the construction of a provision in an automobile insurance contract relating to hit-and-run vehicles.

On December 21, 1963, in Dade County, Florida, appellee Spinola was the driver of a vehicle in which appellees Caruso and Rossi were passengers. Spinola was insured under a contract issued by appellant State Farm. The vehicle was stopped in a line of traffic. Immediately behind him and also stopped was an automobile driven by Mr. Cortez. A third vehicle struck the Cortez automobile which, in turn, rammed the Spinola vehicle causing injury to its occupants. The driver of the third vehicle fled the scene of the accident. Neither his identity nor the ownership of the automobile could be ascertained.

Spinola's contract with appellant contained a provision imposing liability upon appellant for all sums which Spinola would be legally entitled to recover from the hit-and-run vehicle, provided the injury arose out of the " * * * physical contact of such vehicle [the hit-and-run vehicle] with the insured or with the automobile which the insured is occupying at the time of the accident * * ".

The sole issue before us is whether there was physical contact between the hit-and-run vehicle and the Spinola vehicle so as to bring the accident within the coverage of the insurance contract. The District Court answered this question in the affirmative. We agree. There is no Florida decision in point. The cases of Motor Vehicle Accident Indemnification Corp. v. Eisenberg, N.Y. Ct. of App., 1966, 18 N.Y.2d 1, 271 N.Y.S. 2d 641; Inter-Insurance Exchange of Auto. Club of So. Cal. v. Lopez, Dist.Ct. of App., Cal., 1965, 238 ACA 516, 47 Cal.Rptr. 834 are analogous and persuasive. The holding in each is consistent with that of the District Court here.

The only Florida decision dealing with the meaning of "physical contact" under such a provision is, we think, distinguishable. Cruger v. Allstate Insurance Company, Dist.Ct. of App., Fla., 1964, 162 So.2d 690. There the insured vehicle veered off the highway striking a utility pole. The driver reported that same was caused by a hit-and-run driver. There was no evidence whatever of physical contact. Accordingly, a decree was entered for the insurer. This Florida holding is consistent with the policy behind such provisions requiring physical

* Of the Second Circuit, sitting by designation.

contact. The object is to eliminate fictitious claims of a driver who, through his own negligence, causes injury to himself without the involvement of another vehicle, and then seeks recovery on the ground that it was due to a fictitious hit-and-run driver. In the case before us, however, there was undisputed physical contact and it was not error to hold that it was of a type embraced within the meaning of the insurance contract.

Affirmed.