[Civ. No. 31318.   Second Dist., Div. One.   May 20, 1968.]

AMERICAN INSURANCE COMPANY, Plaintiff and Respondent, v. ALICE LUCILLE GERNAND et al., Defendants and Appellants.

Rainer & Moriarity and I. Warren Rainer for Defendants and Appellants.

Stockdale, Atkisson & Estes and B. E. Atkisson for Plaintiff and Respondent.

WOOD, P. J.—This is a declaratory relief action to determine the rights and duties of plaintiff American Insurance Company and defendants Alice and Sandra Gernand under the uninsured-motorist provisions of a policy of liability insurance issued by plaintiff to defendant Alice Gernand and her husband. Defendants claim that the policy provisions cover damages which they received in an automobile accident wherein an unidentified automobile caused a Thunderbird automobile to swerve in front of the Chevrolet automobile which Alice was driving and in which Sandra was a passenger. The court found that there was no physical contact between the unidentified automobile and the Thunderbird or between the unidentified automobile and the Chevrolet, and concluded that defendants "have no coverage" under the insurance policy. The court also determined that plaintiff was entitled to a permanent injunction restraining defendants from proceeding with the arbitration of their claims under the policy. Defendants appeal from the judgment.

Appellants contend that the court erred in enjoining the arbitration of their claims and in determining that they were not entitled to coverage under the uninsured-motorist provisions of the policy.

The policy of insurance provides in part as follows: "If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured . . . then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . . ."

On May 17, 1963, after the accident had occurred (and prior to the filing of the complaint herein), defendants submitted a formal "Demand For Arbitration" to the American Arbitration Association.

On August 23, 1963, while the claim or demand was pending, plaintiff (insurance company) filed the complaint for declaratory relief. The complaint alleges, among other things, that an actual controversy exists between plaintiff and defendants in that plaintiff contends that no coverage is available to defendants under the policy because there was no physical contact between the uninsured automobile and the insured automobile, and defendants contend that coverage is available and "the matter should proceed in arbitration." A

copy of defendants' "Demand For Arbitration" is attached to, and incorporated in, the complaint as Exhibit "A." The prayer is for an injunction enjoining defendants from proceeding with the claim for arbitration.

Defendants filed an answer alleging, among other things, that "the matter should proceed to arbitration which has jurisdiction to hear the matter and determine the rights and duties of the parties."

On October 18, 1963, the court, upon plaintiff's motion, issued a preliminary injunction enjoining defendants "during the pendency of this action, or until the court shall otherwise order" from "[p]roceeding to determine the arbitration demand and claim now before the American Arbitration Association . . . ."

Defendants did not appear at the pretrial conference. Plaintiff filed a separate statement of issues, which was incorporated in the pretrial order. The statement provides that the issue remaining for trial is: "Whether or not coverage was afforded by plaintiff to defendants under the facts and circumstances set forth in the complaint."

At the trial, evidence was presented as to whether there had been physical contact between the unidentified (uninsured) automobile and the Thunderbird automobile which, in order to avoid colliding with the unidentified automobile, had swerved in front of the Chevrolet (insured automobile). It was stipulated that there was no contact between the Thunderbird and the Chevrolet. After the evidence had been presented, defendants' counsel referred to a pending superior court action which related to the question of arbitration of uninsured-motorist provisions of insurance policies, and the court granted permission to defendants to file further points and authorities. The matter was taken under submission, and the defendants filed points and authorities to the effect that the matter should be arbitrated and that the court lacked jurisdiction to determine the matter upon the merits.

As above stated, the court found that there was no physical contact between the unidentified (uninsured) automobile and the Thunderbird or between the unidentified automobile and defendants' automobile within the meaning of section 11580.2 of the Insurance Code. A conclusion of law was that plaintiff is entitled to a permanent injunction restraining defendants from proceeding with any claim or demand under the uninsured-motorist provisions of the policy. The judgment was that defendants have no coverage under the uninsured-

motorist provisions of the policy, and that they are permanently enjoined from proceeding with arbitration of any claim or demand under the uninsured-motorist provisions of the policy.

Defendants made a motion for a new trial and argued to the effect that the matter should have been arbitrated and that the court lacked jurisdiction. The motion was denied.

Appellants contend that the court erred in enjoining arbitration of their claims.

Section 11580.2 of the Insurance Code provides that policies of automobile liability insurance shall contain provisions covering liability for damages caused by uninsured motor vehicles. Subdivision (e) of said code section provides that the policy shall provide that the determination as to whether the insured shall be legally entitled to recover damages shall be made by agreement between the insured and the insurer, or, in the event of disagreement, by arbitration.

As previously stated, the policy in the present case provides that if the claimant under the policy and the company do not agree that the claimant is entitled to recover damages from the owner of an uninsured motor vehicle, then, upon written demand of either the claimant or the company, the matters upon which they do not agree shall be settled by arbitration.

In *Esparza* v. *State Farm Mut. Auto. Ins. Co.*, 257 Cal. App.2d 496, 500 [65 Cal.Rptr. 245], wherein a policy of insurance included provisions for arbitration similar to the provisions in the present case, it was said: "Under such a broad agreement to arbitrate the liability of the insurance company to its insured, it has been held that the status of the tortfeasor as an uninsured motorist is an arbitrable issue." (See *Jordan* v. *Pacific Auto Ins. Co.*, 232 Cal.App.2d 127 [42 Cal.Rptr. 556].) The court also said (p. 500), in quoting from the *Jordan* case: "General rules relative to arbitration and arbitration agreements and proceedings are provided in section 1280 et seq., Code of Civil Procedure. They reflect the strong legislative policy favoring arbitration. They substantially limit the power of the court over a controversy once it is determined that an agreement to arbitrate exists; thereupon 'an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack susbtantive merit' [citation]. This leaves the entirety of the controversy to the determination of the arbitrator." It was also stated in the *Esparza* case that the respondent (insurance company) admitted the

existence .of a controversy concerning the interpretation to be given the uninsured motorist question.

◼ In the present case, after defendants had submitted a formal demand for arbitration in accordance with the policy provisions, plaintiff filed a complaint for declaratory relief wherein plaintiff alleged that there was an actual controversy which was, in part, that defendants contended the matter should proceed in arbitration. A copy of defendants' demand for arbitration was attached to, and incorporated in, the complaint; and defendants' answer alleged that the matter should proceed in arbitration. Under such circumstances, the matter should have proceeded in arbitration and the court should have denied the preliminary injunction.

Respondent asserts, however, that even if it were assumed that the court erred in issuing the preliminary injunction, the defendants, by not appealing from the preliminary injunction, waived their right to a review of the arbitration issue determined by that injunction.

◼ An order granting an injunction is appealable (Code Civ. Proc., § 963, subd. 2; Code Civ. Proc., § 983, subd. 5), and the term "injunction" has been interpreted broadly to include preliminary injunctions (3 Witkin, Cal. Procedure (1954) Appeal, p. 2165, § 22). ◼ "But it should be remembered that, if a permanent injunction is later granted, an appeal from the order granting or refusing to dissolve the preliminary injunction will be dismissed as moot." (*Idem.*)

◼ In the present case, the preliminary injunction restrained defendants from proceeding, "during the pendency of this action," with arbitration of their demand "now before" the arbitration association. The permanent injunction enjoined defendants from proceeding with arbitration of any claim or demand under the uninsured-motorist provisions of the policy. Defendants' failure to appeal from the preliminary injunction did not preclude their seeking a review of the arbitration issue on their appeal from the judgment granting the permanent injunction.

◼ Respondent further contends that conduct of defendants after the granting of the preliminary injunction constituted a waiver of their right to arbitration. In this connection respondent asserts that defendants did not seek to modify or dissolve the preliminary injunction. Defendants raised the issue of arbitration in their answer, during the trial, and in their motion for a new trial. Under such circumstances, it can-

not be said that defendants' failure to seek modification or dissolution of the preliminary injunction constituted a waiver of their right to arbitration.

Appellants also contend that the pretrial order eliminated arbitration from inclusion in the issues remaining for trial. As previously stated, the pretrial order incorporates plaintiff's separate statement which recites that the issue remaining is whether coverage was afforded by plaintiff to defendants under the facts and circumstances set forth in the complaint. It is alleged in the complaint that the actual controversy is, in part, that defendants contend that the matter should proceed in arbitration. The complaint incorporates therein by reference the demand of defendants for arbitration. The question of arbitration remained as an issue for trial. The court erred in enjoining arbitration of defendants' claims.

In view of the above conclusions it is unnecessary to discuss appellants' further contention regarding the court's determination (made after hearing the evidence) that defendants were not entitled to coverage under the uninsured-motorist provisions of the policy.

The judgment is reversed.

Fourt, J., and Lillie, J., concurred.