J. Bertram Wegman, J.
The complaint in this action, dated October 30, 1963, served after leave to sue was granted by the court on July 24, 1963, alleges that the infant plaintiff riding as a passenger in the car of his father, his guardian ad litem and coplaintiff, on the Brooklyn-Queens Expressway on July 25, 1962, was severely and permanently injured by reason of the negligence of the unknown driver of an unidentified motor vehicle being driven on such Expressway recklessly and at excessive speed. It is alleged that the unidentified motor vehicle struck a metal object on the roadway, thereby causing that metal *336 object to be precipitated through the air and strike the infant plaintiff. The identities of the driver and of the owner of the vehicle which caused the accident are alleged to be unknown, the vehicle having left the scene of the accident without stopping or identification.
Moving with somewhat less speed, the defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) now seeks dismissal of the complaint under CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action against it.
The claimed deficiency rests upon MVAIC’s reading of section 617 of the Insurance Law and the pertinent provisions of the insurance policy issued by Allstate Insurance Company to the coplaintiff, father of the infant plaintiff, covering the automobile in which they were riding at the time of the accident, requiring payment by MVAIC for damages for bodily injury “ arising out of physical contact of [the hit-and-run] automobile with [the injured person] or with an automobile which [the injured person] is occupying at the time of the accident ”. MVAIC argues that the quoted language precludes the instant claim because it regards its earlier contention that there must be direct physical impingement as having been overruled only when the tort-feasor is clearly conscious of propelling the tangible thing which makes the physical contact.
But, neither the statute nor the policy commitment literally requires either concurrent, direct ‘ ‘ physical contact ’ ’ or evident knowledge by the fugitive driver that he had put in motion the intermediate object which involuntarily transmitted the force making physical contact. Elementary rules of construction guide us to interpret the language of a remedial statute as broadly as its words allow in favor of its intended beneficiaries: here the victims of the negligence of uninsured motorists or of unknown operators of unidentified motor vehicles; a fortiori when, as here, insurance companies compensated by premium income, rather than the innocent victims, would benefit by a restrictive interpretation in derogation of the policy and purpose of the statute.
There is no distinction in principle between ‘ ‘ physical contact ” made through the intermediacy of an unoffending automobile involuntarily propelled by the “hit-and-run” vehicle into the automobile occupied by the injured person (MVAIC v. Eisenberg, 18 N Y 2d 1) or through the intermediacy of a piece of metal pipe' propelled out of the 1 ‘ hit-and-run ’ ’ vehicle (Matter of Colestock [Utica Mut. Ins. Co.], 28 A D 2d 1205) and “physical contact” through the intermediacy of a metal object in the roadway propelled by the “ hit-and-run ” vehicle *337 into the infant plaintiff’s body, as in the case at bar. Here, too, as in the cited cases, there was indisputable evidence. of actual impact to dispel any conjecture of a “phantom” tortfeasor.
Thus far our discussion has necessarily been limited to the cause of action stated by the bare allegations of the complaint. No more than that may properly be considered on this motion. But the court cannot in good conscience ignore the lapse of six years since the accident and the interval of almost five years between service of the complaint and the making of this motion. It was stated on the argument that in this case, factually, a careening truck struck a piece of divider rail lying on the shoulder of the roadway with such force as to propel it through the windshield of the car in which the infant plaintiff was a passenger and into the infant plaintiff’s head, causing dire injuries; it seems shocking that compensation has not yet been paid, thereby depriving the infant plaintiff additionally of the interest such funds should have been earning for him.
Motion denied, with $20 costs.