In the Matter of the Arbitration between FREDERICK F. SMITH, Respondent, and GREAT AMERICAN INSURANCE COMPANY, Appellant.

Third Department, November 12, 1970.

234

*Bouck & Holloway* (*Francis J. Holloway* of counsel), for appellant.

*Curran & Flint* (*Keith G. Flint* of counsel), for respondent.

SWEENEY, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered June 9, 1970 in Albany County, which denied a motion to stay arbitration.

Claimant made a claim under the uninsured motorists endorsement of his policy for injuries he allegedly sustained when ice and snow struck and broke his windshield after becoming dislodged from an unknown tractor-trailer approaching from the opposite direction. The tractor-trailer did not stop. Claimant contends he is entitled to submit the claim to arbitration because it is a hit and run accident covered by the uninsured motorists endorsement policy. It is appellant's contention that there was no hit and run vehicle involved; further, there was no physical contact, consequently the incident is not covered by the endorsement. Coverage, if it exists under the present circumstances, depends on the intent of section 617 of the Insurance Law. This remedial legislation (Insurance Law, art. 17-A) like the compulsory insurance law, was enacted to protect an injured innocent motorist from financial loss caused by a motor vehicle accident. Both the statute and the policy endorsement require physical contact as a prerequisite to arbitration. Clearly there was no physical contact between the two vehicles in the strict and ordinary sense of the words. Such a rigid requirement, however, would defeat the purpose of the statute of protecting innocent users of the highway. In *MVAIC* v. *Eisenberg* (18 N Y 2d 1), a more liberal interpretation of the statute was adopted. In the *Eisenberg* case the hit and run vehicle struck a second vehicle which was propelled into the appellant's car. Judge KEATING, speaking for the majority of the court, referred to the second vehicle (*supra*, p. 4), as "a mere involuntary intermediary and, in the circumstances, we think it cannot logically serve to insulate the respondent from arbitration." While the present case is factually distinguishable from the *Eisenberg* case, we believe, in principle, they are the same. One of the purposes of requiring physical contact was to prevent fraudulent claims which would be easy to fabricate and difficult to disprove if damage were not present (*MVAIC* v. *Eisenberg, supra*, pp. 4–5). Contact

usually causes some visible physical damage. In the instant case claimant's automobile was damaged; he was injured from substance propelled from another vehicle traveling on the highway. Considering these facts and the purpose of the statute, we believe it would be too rigid and unrealistic an interpretation of section 617 to conclude that there was no '' physical contact '', within the policy provisions. (Cf. *Matter of Colestock* [*Utica Mut. Ins. Co.*], 28 A D 2d 1205; *Gavin* v. *MVAIC*, 57 Misc 2d 335.)

The judgment should be affirmed, with costs.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Judgment affirmed, with costs.