249 So.2d 429 (1971)
Raiford BROWN, Petitioner,
v.
PROGRESSIVE MUTUAL INSURANCE COMPANY, Respondent.
No. 39397.
Supreme Court of Florida.
June 9, 1971.
Rehearing Denied July 6, 1971.
David R. Lewis, of Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for petitioner.
Howell, Kirby, Montgomery & D'Aiuto, Jacksonville, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District (Progressive Mutual Insurance Company v. Brown, 229 So.2d 645), which allegedly conflicts with a prior decision of the District Court of Appeal, Third District (Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73), on the same point of law. Fla. Const., art. V, § 4, F.S.A. This case involves application of Fla. Stat. § 627.0851, F.S.A., the uninsured motorist statute, to a hit-and-run accident.
*430 We have jurisdiction. In the Butts case, a motorist was run off the road and into a utility pole by a hit-and-run driver, and the injured motorist's insurance policy contained the standard clause limiting liability to those cases where the hit-and-run driver made physical contact with the insured or the vehicle in which the insured was riding. In view of the uninsured motorist statute, the insured was held to be covered.
In the instant case, the injured petitioner's vehicle was run off the road by a hit-and-run driver, but it is not known that physical contact was made between the two vehicles. By application of the policy requirement of physical contact, the District Court of Appeal concluded that the injured person was not entitled to a recovery; this reversed the ruling of the trial court, which found that the restrictive clause was void as against public policy, being an attempt to restrict the language of Fla. Stat. § 627.0851, F.S.A., the uninsured motorist statute.
The purpose of the uninsured motorist statute is to protect persons who are injured or damaged by other motorists who in turn are not insured and cannot make whole the injured party. The statute is designed for the protection of injured persons, not for the benefit of insurance companies or motorists who cause damage to others. The effect of the District Court of Appeal decision here for review is to place on the injured person in every case the burden of proving that the offending party was without insurance regardless of the circumstances, the equities or the difficulties. Failure on the part of the injured party to make such proof results in nonrecovery, and the certainty that in some cases at least, injured persons then become the burden of society or of the state, despite their attempt to protect themselves by purchase of insurance intended to shield them against damages inflicted by a party from whom recovery cannot be made in person or through his insurance.
In deciding whether a person is entitled to the protection of Fla. Stat. § 627.0851, F.S.A., the question to be answered is whether the offending motorist has insurance available for the protection of the injured party, for whose benefit the statute was written; the test should not be simply whether or not the injured party can prove the offending party was uninsured, which is, in many instances, impossible in hit-and-run cases. Any other construction of the statute is unfair and unduly restricts the application intended by the Legislature.
The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless, as it would be under the decision here for review.
The decision of the District Court of Appeal is quashed, and the cause is remanded to the District Court of Appeal with instructions to reinstate the judgment of the trial court.
ERVIN, CARLTON, and McCAIN, JJ., concur.
DEKLE, J., dissents with opinion.
ROBERTS, C.J., and BOYD, J., dissent.
DEKLE, Justice (dissenting):
The conflict basis on which petitioner seeks review may at first blush seem to be *431 present in the case of Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (3d DCA Fla. 1968), but upon close analysis it will be seen that it is not. Neither is there conflict with the other authorities urged to bestow jurisdiction.
This case deals with the "hit-and-run" provision under the uninsured motorist clause of automobile policies where it is provided that the coverage will extend to hit-and-run automobiles if bodily injury arises out of physical contact with such other alleged hit-and-run vehicle. No such physical contact was shown in the present case, and that is why it was reversed in a very well-reasoned opinion by the eminent Donald K. Carroll, Judge of our highly regarded First District Court of Appeal.
Butts at first appears in conflict because it recites a portion of the policy which included the "hit-and-run" provisions, but it is not the "physical contact" provision that is dealt with. Instead, Butts says that the language under that particular policy was "unique and distinguishable" when compared with common automobile casualty policies. The clause before us here seems to be the usual one.
The Reserve Company policy in Butts covered a Vespa Motor Scooter and its language made a point of covering only collisions between an uninsured "automobile or motorcycle with the insured or with a motorcycle [not an automobile] which the insured is occupying at the time of the accident. * * *" [Emphasis added.] The statute applies to all motor vehicles  not just the type that is insured, which in the Reserve policy was a motorcycle. The Court there correctly held in accordance with Travelers Indemnity Co. v. Powell, 206 So.2d 244 (1st DCA Fla. 1968), that:
"[I]t is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury. * * *"
In Butts the opinion pointed out (207 So.2d p. 76) that the Reserve Company policy fell within the purview of Fla. Stat. § 627.0851, F.S.A., as a policy "covering liability arising out of the ownership, maintenance, or use of any motor vehicle," (Emphasis added.) and then says:
"This leads to the inescapable conclusion that the case of Travelers Indemnity Company v. Powell, supra, is equally dispositive of this issue. At the risk of being repetitious, we again quote from the Powell case, supra. * * *" [Emphasis added.]
The opinion then states the proposition earlier given (and quoted above from Powell) for reversing the first issue on the State Farm policy, to wit, that the statute was not intended to limit coverage to an insured by specifying his location "or the particular vehicle he is occupying at the time of injury. * * *" (Emphasis added) It is therefore perfectly clear that the basis for the holding was the fact that there was a limitation to "a motorcycle" only and that the policy did not include as it must "any motor vehicle" as required in § 627.0851. The issue was not the physical contact point in the case sub judice.
No reference at all was made in Butts to the incidental language of the policy referring to "physical contact" as is here involved. That wasn't the issue. It can therefore hardly create conflict.
All of the language in Butts is perfectly consistent with the present case, and so there is no conflict and no jurisdiction. Fla. Const. art. V, § 4.
In regard to the merits here, the real question is whether an automobile liability policy, in providing required uninsured motorist coverage, as it must under Fla. Stat. § 627.0851, F.S.A., may be extended to cover collisions with an unidentified "hit-and-run" vehicle, provided only that there is *432 physical contact with it,[1] and not thereby violate the unrestricted coverage demanded under the statute.
Upon analysis it will be seen that there really would be no such coverage otherwise; that is, without such provision in the policy, for there could be no showing of whether the vanished other car was insured or not. The basic predicate for recovery under the uninsured motorist clause is, obviously, that the other car was indeed "uninsured." It is fortunate, therefore, that the policyholder has the additional means granted to him to show that the offending car was "uninsured" (whether it in fact was or not) by the showing of physical impact  a very logical and reasonable requirement, for without some showing, it leaves to real conjecture in so many cases, whether indeed there was an accident or whether the insured ran off the road through his own carelessness, misjudged other traffic, or dozed a moment. The driver really may not remember after a collision, as here. Is he to be automatically covered whenever he goes off the road in traffic? We do not yet have "no-fault" insurance legislation.
What happens to the basic rule of "burden of proof"? Under plaintiff's contention, no proof of the essential predicate that there was an uninsured car would be required; there would be "automatic" recovery. This is demonstrated by the summary judgment on liability here (reversed by the 1st DCA). The fundamental problem is not one of whether there was an accident under the question posed here, so the fact that any number of witnesses attested to an accident occurring is not the point. The fact that none could attest to the "hit-and-run" vehicle being "uninsured" is the point. Without such proof there could be no recovery  but for the policy provision here, that in lieu of such proof, the insured is privileged to show physical contact.
This view would not affect a situation where the other car is a known uninsured motorist; upon such showing, this requirement is met, without being dependent upon proof of physical contact. In fact, the "physical contact" substitute is a further advantage in the "hit-and-run" case by assuring a showing of fault merely by the assured's statement. If the other driver were available, the contact might be shown to have been the insured's fault, thereby denying his recovery.
Nothing but conjecture supports the suggestion made that there is a "presumption" that a "hit-and-run" car is uninsured. Many may be but there are equally cogent reasons (excuses) for an insured motorist to "run." It may be to avoid an accident report that would cause an increase in his policy premiums or loss of license; result in his wife (or her husband) knowing about it or that he or she was where (or with whom) he shouldn't have been; or Daddy or Mommy (or employer) knowing he (she) had the car, or reveal drinking, etc., etc. This kind of conjecture only leads into the brambles of speculation.
The First District Court's able opinion logically and clearly analyzes the problem *433 and the cases. The test of the uninsured motorist statute is whether the policy provisions are "more restrictive" than the statute. Here it is not more restrictive but rather more extensive, as initially indicated. The Third District Court of Appeal reasoned similarly in Raspall v. Beneficial Fire & Casualty Insurance Co., 226 So.2d 465 (3d DCA Fla. 1969). It reached the same conclusion in Cruger v. Allstate Insurance Co., 162 So.2d 690 (3d DCA Fla. 1964), as did the Fifth Circuit Court of Appeals in State Farm Mutual Automobile Ins. Co. v. Spinola, 374 F.2d 873 (1967).
Correct analysis demonstrates an affirmative answer to the question earlier set forth, that the physical contact requirement in unidentified hit-and-run cases is reasonable and is not in contravention of the uninsured motorist statute.
I would affirm.
NOTES
[1] "(d) `hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such `hit-and-run automobile'; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Emphasis supplied)