ROBERT R. GEORGE, PLAINTIFF-APPELLANT *v.* MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLEE

No. 43181          November 9, 1964          168 So. 2d 530

*James N. Godwin,* Booneville, for appellant.

*Mitchell, McNutt & Bush,* Tupelo, for appellee.

PATTERSON, J.

This is an appeal from the circuit court of Prentiss County wherein the circuit judge at the conclusion of the testimony of the plaintiff granted a peremptory instruction for the defendant. His action in so doing is assigned as error on this appeal. The case involves the question of whether or not damage to the plaintiff's building was covered by the terms of the insurance policy in effect on the building.

The plaintiff constructed a two-story building to be used as a combination filling station and garage, the upper level to be the filling station and the lower portion the garage. The second story of the building was commensurate with the level of the roadway to the front. The walls were constructed of one thickness of unreinforced concrete masonry blocks, with the exception of the upper portion which faced the highway, this being of unreinforced brick masonry. In the construction of this building which was on a hillside, a ditch or cut some several feet in depth was left to the front between

the building and the highway. This ditch or cut had to be filled before the upper portion of the building could be used as a filling station. Before undertaking to fill the ditch the plaintiff acquired from the defendant a standard fire insurance policy, which, among other things, under the extended coverage protection thereof, insured against "direct loss by . . . vehicles . . . ," but provided that loss by vehicle, "would include only direct loss resulting from actual physical contact . . . a vehicle with the property covered hereunder. . .," and further, the policy by its provisions expressly excludes from coverage any damage to the insured premises, "while the hazard is increased by any means within the control or knowledge of the insured."

The agent issuing this policy to the defendant actually went upon the premises and saw the conditions existing as to the open ditch or cut in front of the building, made photographs of the structure and adjacent area, and was aware that additional work would be required on the premises before use could be made of the building as a filling station.

Thereafter a bulldozer was brought upon the property for the purpose of filling in the ditch, a portion of which was filled by the bulldozer and left to settle, and upon a second occasion a bulldozer, which weighed twelve or thirteen tons, was again brought to the property for the purpose of completing the filling of the ditch and leveling the same so that automobiles might use it as an approachway to the building. During this endeavor sand and other loose material were pushed into the cut and against the building. The machine itself came within six or eight inches of the structure during this operation. Upon completion of the fill, which required twenty to thirty loads of sand, the operator of the bulldozer noticed a crack in the building. The following morning the building had collapsed as a result

of the weight of the loose material pushed into the ditch and against it by the bulldozer.

Upon the defendant's refusal to pay under the policy issued, suit was instituted with the result that the trial judge directed a verdict for the defendant at the conclusion of plaintiff's testimony.

The issues to be determined here are whether the exclusions in the policy above-outlined relieve the defendant insurance company of coverage and financial responsibility for the loss incurred.

We direct our attention to the first exclusion. "PROVISIONS APPLICABLE ONLY TO LOSS BY AIRCRAFT AND VEHICLES. The term 'vehicles' as used in this entended (sic) coverage, means vehicles running on land or tracks but not aircraft. Loss by aircraft or by vehicles shall include only direct loss resulting from actual physical contact of an aircraft or a vehicle with the property covered hereunder or with the building containing the property covered hereunder."

■■ ■ This Court has long recognized that insurance contracts, like all other contracts, where clear and unambiguous, must be construed exactly as written. Employers Mutual Cas. Co. v. Nosser, 164 So. 2d 426 (Miss. 1964). ■■ ■ Here the plain unambiguous terms of the insurance contract required "actual physical contact" of the vehicle with the building before there could be liability therefor. There is no evidence the vehicle actually contacted the building. The evidence in fact overwhelmingly shows the weight of the loose material pushed into the cut by the bulldozer caused the building to fall rather than the actual physical contact thereof by the vehicle. The building did not collapse immediately, but rather a crack appeared in the structure after the grading work was completed and sometime thereafter caved in. It is our opinion and we so hold the language used in this exclusionary clause is so clear and unambiguous that it must be construed as requiring an actual con-

tact—touching—of the building by the vehicle before there could be recovery under this clause of the insurance contract. There being no actual physical contact, the lower court was correct in directing a verdict for the defendant. This issue being decisive of the cause, we do not pursue the other contention of appellant.

Affirmed.

*Kyle, P. J., Ethridge, Gillespie, and Rodgers, JJ.,* concur.