240 So.2d 280 (1970)
AETNA CASUALTY & SURETY COMPANY
v.
Mrs. Tom L. HEAD, Jr.
No. 45906.
Supreme Court of Mississippi.
October 19, 1970.
Watkins & Eager, Elizabeth Hulen, Jackson, for appellant.
Tennyson & Britt, Jackson, for appellee.
*281 GILLESPIE, Presiding Justice:
This case involves the question of whether the "physical contact" requirement used in defining "hit and run vehicle" in the uninsured motorists clause of an automobile liability policy is satisfied when a soft-drink bottle thrown from an unknown automobile strikes the insured's automobile and injures the insured.
On April 4, 1964, the appellee, Mrs. Tom L. Head, Jr., was the named insured in an automobile insurance policy issued by Aetna Casualty and Surety Company, the appellant. On that date at about 8:00 p.m. Mrs. Head was driving her car in a northerly direction on the frontage road near LeFleur's Restaurant in Jackson, Mississippi. Just as the appellee's automobile met an approaching southbound vehicle, a soft-drink bottle was tossed from the driver's window of the southbound vehicle. This bottle broke the windshield of the appellee's automobile and struck her in the face, causing injuries. The southbound vehicle was never identified nor were its occupant or occupants identified.
Mrs. Head sued her insurer under the uninsured motorists clause of her automobile policy and recovered a judgment in the court below.
The insuring clause of the uninsured motorists coverage is as follows:
Aetna Casualty will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; * * *
The policy definitions provide:
"uninsured highway vehicle" means:
(a) * * *
(b) a hit-and-run vehicle; * * * "hit-and-run vehicle" means a highway vehicle which causes bodily injury to an Insured arising out of physical contact of such vehicle with the Insured or with an automobile which the Insured is occupying at the time of the accident provided: (a) there cannot be ascertained the identity of either the operator or the owner of such vehicle; * * *
The decisive question is whether the "physical contact" requirement is satisfied in this case. We think not. There are no applicable Mississippi cases involving the uninsured motorists clause. The appellee relies upon cases in which the "physical contact" requirement was held to be satisfied when the hit-and-run automobile struck another vehicle (or some object) and propelled it into the insured's automobile, State Farm Mutual Automobile Ins. Co. v. Johnson, 242 Miss. 38, 133 So.2d 288 (1961); Gavin v. Motor Vehicle Accident Indemnification Corp., 57 Misc.2d 335, 292 N.Y.S.2d 745 (1968); and Johnson v. State Farm Mutual Automobile Ins. Co., 70 Wash.2d 587, 424 P.2d 648 (1967); the *282 first case construing a medical payments clause rather than an uninsured motorists provision. There are two types of factual situations in the cases relied upon by the appellee. Either (1) there was physical contact between the hit-and-run vehicle and an intervening vehicle causing the intervening vehicle to come into physical contact with the insured's automobile, or (2) the hit-and-run vehicle struck an object, propelling it into the insured's automobile. In the case at bar there was no contact between the unknown vehicle and the insured's automobile, nor was any other object hit by the unknown vehicle and propelled into the insured's automobile. The bottle which struck the insured's automobile was thrown from the unknown vehicle.
The appellant relies on a line of cases in which the "physical contact" requirement was held not to be satisfied when the unknown vehicle forced the insured's automobile off the highway or into the path of another vehicle, there being no physical contact between the unknown vehicle and the insured's automobile, Roloff v. Liberty Mutual Ins. Co., 191 So.2d 901 (La. App. 1966) and Cruger v. Allstate Ins. Co., 162 So.2d 690 (Fla.App. 1964). The Arizona Court stated in Lawrence v. Beneficial Fire & Casualty Ins. Co., 8 Ariz. App. 155, 444 P.2d 446 (1968):
We find nothing misleading or ambiguous about the wording used in both policies to define "hit and run automobile" or in setting out the requirement of physical contact. If we ignore or do away with the physical contact requirement we would be rewriting the contract between these parties, and would be rendering the phrase "hit and run" meaningless * * *. We cannot expand the language used beyond its plain and ordinary meaning, nor should we add something to the contract which the parties have not put there. * * * Where words are given standard meanings and a lack of coverage is the result, the language should not be treated so as to create ambiguity which would result in the opposite of what was so expressed. * * *
A contract of insurance is like any other contract. It is not a collection of separate unrelated parts. It is a whole document; each part must be read and interpreted in connection with all other parts thereof. When the meaning and intent of the contract is clear, it is not the prerogative of the courts to change or rewrite it in an atttempt to avoid harsh results. (8 Ariz. App. at 158, 159, 444 P.2d at 449, 450).
This Court has decided no uninsured motorists cases which are in point; however, it has construed a "physical contact" requirement in an insurance policy covering a building, George v. Miss. Farm Bureau Mutual Ins. Co., 250 Miss. 847, 168 So.2d 530 (1964). In that case the policy provisions stated that loss by vehicles was covered only in the event of "actual physical contact" of the vehicle with the building. A bulldozer pushed loose material into a cut in front of the building; the weight of the loose material caused the building to fall. In affirming the lower court decision that there was no coverage, the court stated:
This court has long recognized that insurance contracts, like all other contracts, where clear and unambiguous, must be construed exactly as written. * * * It is our opinion and we so hold that the language used in this exclusionary clause is clear and unambiguous; that it must be construed as requiring an actual contact  touching  of the building by the vehicle before there could be recovery under this clause of the contract. There being no actual physical contact, the court was correct in directing a verdict for the defendant. * * * (250 Miss. at 851, 852, 168 So.2d at 531, 532).
Under particular facts of this case, there is no room for an interpretation to extend the coverage beyond the plain and unambiguous language of the policy. The other requirement that the accident must "arise *283 out of the ownership, maintenance or use of the uninsured vehicle" is not reached, and we pretermit consideration of that question because it is unnecessary to do so.
Reversed and rendered.
RODGERS, JONES, BRADY and INZER, JJ., concur.