CONTINENTAL CASUALTY
CO. Plaintiff

v.

COREGIS INSURANCE CO.,
et al.   Defendants

No.  CIV.A. 5:01CV228BN.

United States District Court,
S.D. Mississippi,
Western Division.

Aug. 1, 2002.

**674**

Rebecca B. Cowan, Montgomery, McGraw, Collins, Jones, Cowan & Hembree, PLLC, Ridgeland, MS, for Continental Cas. Co.

Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Coregis Ins. Co.

Robert C. Latham, Truly, Smith, Latham & Kuehnle, Natchez, MS, for Adams County.

## *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff for Summary Judgment. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

### I. Background and Procedural History

On January 18, 2000, John Robert Bohreer ("Bohreer") filed a lawsuit in the United States District Court for the Southern District of Mississippi Western Division against Adams County and Adams County Sheriff Tommy Ferrell in both his official and individual capacity. Bohreer alleged that on March 17, 1999, while a prisoner being held in the Adams County jail, he was sexually assaulted by a fellow prisoner who was able to gain access to him because the locks in the jail were defective. Bohreer claims he suffered, *inter alia,* permanent psychological injuries and deprivation of his rights under the United States Constitution. Adams County submitted Bohreer's complaint to Coregis Insurance Co. ("Coregis") pursuant to an insurance policy issued by Coregis providing general liability coverage, and requested that Coregis defend and indemnify it against Bohreer's claims. Coregis denied coverage under the subject policy, reported the matter to "the proper carrier providing Law Enforcement coverage," and advised Adams County to "follow up with them to confirm a defense is being provided by that carrier." *See* Complaint, Exhibit "D." Continental Casualty Co. ("Continental"), the provider of law enforcement liability coverage to the Adams County Sheriff's Office, took up the defense of Adams County and, on July 27, 2001, filed the instant action seeking a declaration that the insurance policy issued by Defendant Coregis covers the claims filed by Bohreer against Adams County and Sheriff Ferrell, and that Coregis has a duty to defend and indemnify its insureds against Bohreer's claims.

Plaintiff is a corporation organized under the laws of Illinois with its principal place of business in Illinois. Defendant Continental is a foreign corporation with its principal place of business in Indiana. Defendants Adams County, Mississippi, and Sheriff Tommy Ferrell, Jr., are citizens of Mississippi. Defendant John Robert Bohreer is a citizen of Louisiana. There exists between Plaintiff and Defendants an actual controversy and the controverted amount exceeds $75,000. The Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Be-

cause the Court is sitting in diversity, it must apply the laws of the State of Mississippi in this action. The Plaintiff has moved for summary judgment.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go be-

yond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

■■■ Under Mississippi law, a court "must read the policy as a whole, thereby giving effect to all provisions." *Centennial Insurance Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382–83 (5th Cir.1998) (quoting *Brown v. Hartford Ins. Co.*, 606 So.2d 122, 126 (Miss.1992)). Additionally, a court must construe an insurance policy that is plain and unambiguous "like other contracts, exactly as written." *Centennial*, 149 F.3d at 382–83 (quoting *George v. Mississippi Farm Bureau Mut. Ins. Co.*, 250 Miss. 847, 168 So.2d 530, 531 (1964)). In the case *sub judice*, dual coverage for both general liability and law enforcement liability was available to Adams County under the subject insurance policy of Coregis. However, Adams County only purchased general liability coverage in connection with Coregis policy no. 651–007866, the terms of which are as follows:

**MUNICIPALITIES PACKAGE POLICY**

**SECTION I COVERAGES**

**COVERAGE A. GENERAL LIABILITY AND LAW ENFORCEMENT LIABILITY**

## 1. Insuring Agreement—GENERAL LIABILITY

a. We will pay those sums that the insured[1] becomes legally obligated to pay as "damages"[2] because of ... "personal injury" ... caused by an offense as more fully described in the definitions of "personal injury...."

\* \* \* \* \* \*

c. This insurance applies to ... "personal injury" ... only if:

(1) The ... "personal injury" is caused by an "occurrence" or offense that takes place in the "coverage territory"; and

(2) The ... "personal injury" ... occurs during the policy period.

\* \* \* \* \* \*

## 3. Exclusions Applicable to COVERAGE A. GENERAL LIABILITY AND LAW ENFORCEMENT LIABILITY

[none of which are applicable to the subject claims]

\* \* \* \* \* \*

## SECTION II  WHO IS AN INSURED

1. The Named Insured.

2. Any commission, board, authority, governmental agency or subdivision, municipal body, administrative, police, sheriff or law enforcement or similar public safety department, operated by you, under your jurisdiction or totally within the operating budget of the Named Insured.

\* \* \* \* \* \*

5. Each of the following is also an insured, but only for acts within the scope of their employment or at your direction:

a. Your employees

## SECTION V  DEFINITIONS

\* \* \* \* \* \*

5. "Damages" means money damages, including punitive damages where allowed by law, awarded to a person or entity as compensation for injury or loss caused by the tortious conduct of an insured. "Damages" does not include: (1) injunctive relief or costs to comply with injunctive relief; (2) restitution including refund of taxes; (3) fines, penalties, sanctions; (4) attorneys' fees, unless the attorneys' fees are awarded in addition to money damages otherwise covered by this policy; (5) nominal damages.

\* \* \* \* \* \*

10. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

11. "Personal injury" means injury, other than "bodily injury," [which is defined as, *inter alia*, mental anguish,] arising out of one or more of the following offenses:

\* \* \* \* \* \*

h. Mental anguish, mental injury and humiliation;

i. Deprivation of rights, privileges, or immunities secured by the United States Constitution.

*See* Response of Defendant in Opposition to Summary Judgment, Exhibit "A."

Defendant Coregis contends that a "fundamental conflict between the separate parts of the policy" exists as exemplified by certain extrinsic evidence, including the

---

1. The subject insurance policy defined "insured" as "any person or organization qualifying under **SECTION II. WHO IS AN INSURED**." *See* Response of Defendant in Opposition to Summary Judgment, Exhibit "A," p. 36.

2. The subject insurance policy provided that, "[o]ther words and phrases that appear in quotation marks have special meaning. Refer to **SECTION V. DEFINITIONS**." *See id.*

policy application submitted by the Adams County Board of Supervisors, premium quotation sent by the Coregis underwriter, "Municipalities Liability Coverage Declarations" page, and "Municipalities Package Policy Common Policy Declarations," which allegedly show that Coregis sold the Adams County Board of Supervisors an insurance policy providing coverage for general liability, but not law enforcement liability. *See* Memorandum of Defendants in Opposition to Summary Judgment. Coregis also contends that the declarations pages conflict with policy provisions. *See id.* Based on these "conflicts," Coregis argues that the terms of subject insurance policy are ambiguous and thus open to interpretation.

■ Based on the purchase by Adams County of law enforcement insurance coverage from Plaintiff Continental, it appears to the Court that Adams County intended to purchase only general liability coverage from Coregis under the subject policy. However, Coregis drafted the subject policy and set up coverage in such a way that the Sheriff and Sheriff's Department are clearly covered under the general liability coverage. Indeed, as Defendant Coregis concedes, the general liability coverage under the subject policy "entirely overlaps" the law enforcement coverage offered under the policy. *See e.g.* Response of Defendants, Exhibit "A," Municipal Package Policy, § I.A.3. "Exclusions Applicable to COVERAGE A. GENERAL LIABILITY *AND* LAW ENFORCEMENT LIABILITY," § II. "WHO IS AN INSURED" made applicable to both General Liability Coverage and Law Enforcement Liability Coverage by preface to Coverage as quoted above, and § V. "DEFINITIONS" made applicable to both General Liability Coverage and Law Enforcement Liability Coverage by preface to Coverage as quoted above (emphasis added). Notwithstanding the contentions of Defendant to the contrary, neither the overlapping coverage nor the declarations page of the subject policy create an ambiguity as to coverage under the subject policy. The Court finds the subject insurance policy, when construed as a whole, to be plain and unambiguous. The Court therefore "construe[s] th[e] instrument, like other contracts, exactly as written," *Centennial Insurance Co. v. Ryder Truck Rental, Inc.,* 149 F.3d at 382–83 (quoting *George,* 168 So.2d at 531), and need not consider extrinsic evidence as to the intent of the parties with regard to the coverage sought by, and sold to, Adams County. Accordingly, the Court finds that (1) the subject general liability insurance policy offered by Coregis provides coverage for damages for personal injuries caused by an offense such as mental anguish or deprivations of constitutional rights, that take place in the coverage territory during the policy period, and (2) the Adams County Sheriff's Department (as a "sheriff ... department operated by [Adams County], under [the] jurisdiction [of Adams County] or totally within the operating budget of [Adams County]"), and the Adams County Sheriff both officially, *see Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding that a suit against a governmental employee in his official capacity generally represents "only another way of pleading an action against the entity of which an officer is an agent"), and individually (as an employee acting within the scope of his employment) are "insureds" under the subject policy.

■ The claim on which the subject declaratory judgment action is based arose from a suit against Adams County, and Sheriff Tommy Ferrell in his individual and official capacities, in which John Robert Bohreer ("Bohreer") alleged that on March 17, 1999, while a prisoner of the Adams County jail, he suffered, *inter alia,* permanent psychological injuries and de-

privation of his rights under the United States Constitution. The subject insurance policy was effective from September 1, 1999, until September 1, 2000, and included retroactive coverage for any occurrences from and after September 1, 1998. *See* Complaint ¶ 10. Thus, the claims on which Bohreer seeks damages occurred in the coverage territory and during the policy period. As the damages sought by Bohreer are within the definition of "personal injuries" as set forth by "Section V" of the subject policy, as Adams County and its Sheriff are "insureds" as defined by "Section II" of the subject policy, as the alleged offense took place in the coverage territory and during the policy period, and as the subject claim is not excluded under the provisions set forth in "Section I.A.3" of the subject insurance policy, the Court therefore finds that no issue of material fact exists as to whether the damages sought by Bohreer and on which Adams County submitted a claim are covered by the subject insurance policy. Accordingly, the Court finds that, under the plain and unambiguous language in Coregis Policy No. 651–007866, the personal injury claims asserted by Bohreer against Adams County and Sheriff Ferrell are covered under the General Liability provisions of that policy.

That no issue of material fact exists as to coverage does not decide the matter, however. Plaintiff seeks a declaration that the coverage provided Adams County by the subject Coregis insurance policy is "primary" and that, because the Sheriff's Department is covered by both the Coregis policy and a policy issued by Plaintiff, that Coregis and Plaintiff are responsible for defending and indemnifying Adams County against Bohreer's claims on a pro rata basis according to the coverage limits set forth in the policies. Both the subject Coregis insurance policy, and the policy issued by Plaintiff, contain "other insurance" clauses. The Coregis policy provides in subsection "3" of "Section IV—Commercial Liability Conditions," "This insurance shall be excess over any other valid and collectible insurance available to an insured. The insurance coverage afforded under this policy shall not apply until such other insurance has been exhausted." *See* Response of Defendant in Opposition to Summary Judgment, Exhibit "A."

■ The policy of Plaintiff contains an "other insurance" clause that Plaintiff describes as a "pro rata" clause. *See* Motion. Such a clause provides for apportionment between two insurance policies covering the same claim. Where an excess clause such as the one contained in the Coregis policy conflicts with a pro rata clause, the excess clause is ordinarily given full effect. *See Blue Cross & Blue Shield of Mississippi, Inc. v. Larson,* 485 So.2d 1071, 1073 (Miss.1986) (citing *Travelers Indemnity Co. v. Chappell,* 246 So.2d 498 (Miss.1971)). *See also Farmers Ins. Exch. v. Hartford Cas. Ins. Co.,* 907 F.Supp. 234, 238 (S.D.Miss.1995) (Lee, J.) (holding that the "majority rule, by far, is that 'excess insurance' is considered to prevail over pro rata—that is, it is not other valid and collectible insurance within a pro rata clause" (quoting 8A J. APPLEMAN, INSURANCE LAW & PRACTICE § 4909.25 at 409)). However, the Court disagrees with the characterization by Plaintiff of the "other insurance" clause contained in its insurance policy. The "other insurance" clause contained in the insurance policy of Plaintiff is not a pro rata clause, even though it provides for proration in the event that "this insurance and other insurance apply to the loss on the same excess basis." *See* Complaint, Exhibit "C," § IV.9. "Other Insurance," ¶ d. Instead, the subject "other insurance" clause is an "excess" clause, which provides that "the insurance provided by this policy is excess over any other

collectible insurance" and that, "[w]hen this insurance is excess, we will have no duty to defend any 'claim' or 'suit' that any other insurer has a duty to defend." *See id.* at ¶¶ a & b.

The Mississippi Supreme Court in *Travelers,* 246 So.2d at 501–04, adopted the view that, where two excess clauses within insurance policies providing concurrent coverage for an insured's claim are "indistinguishable in meaning and intent" such that "one cannot rationally choose between them," the clauses are held to be "mutually repugnant and must be [therefore] disregarded." When such is the case, the liability under the two policies is "prorated between the two insurance policies in the ration of the limits of liability fixed in each policy which bears to the total limits in all of the policies covering the risk." *Larson,* 485 So.2d at 1073 (citing *Travelers,* 246 So.2d at 503). As the insurance policies of Plaintiff and Defendant Coregis contain conflicting excess clauses, each of which is identical in effect, the Court finds the clauses to be mutually repugnant. The Court therefore finds, as each of the subject policies provides for coverage of up to $1,000,000 per occurrence, no issue of material fact exists as to whether liability under the two policies should be prorated between the two insurance policies and accordingly finds that Plaintiff and Coregis must share equally the cost of defending the Adams County and Sheriff Ferrell, and, should Bohreer succeed in his claims against them and a judgment be entered in his favor, each must indemnify their insured pro rata up to their policy limits. Accordingly, the Court finds that Plaintiff is entitled to a declaration that the coverage provided Adams County by Coregis Policy No. 651–007866 is "primary" and that, because the Sheriff's Department is covered by both the Coregis policy and a policy issued by Plaintiff, that Coregis and Plaintiff are responsible for defending and indemnifying Adams County against Bohreer's claims on a pro rata basis according to the coverage limits set forth in the policies.

### IV. Conclusion

IT IS THEREFORE ORDERED that the Motion of Plaintiff for Summary Judgment [14–1] is hereby granted.

A final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered this day.